*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0130p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

VALERIE M. SMITH,

*Plaintiff-Appellant,*

*v.*

No. 06-1625

COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 04-00651—Wendell A. Miles, District Judge.

Submitted: March 14, 2007

Decided and Filed: April 9, 2007

Before: COLE, SUTTON, and COOK, Circuit Judges.

---

### COUNSEL

**ON BRIEF:** Charles A. Robison, ROBISON LAW OFFICE, Albion, Michigan, for Appellant. Shefali Baltz, ASSISTANT REGIONAL COUNSEL, OFFICE OF THE GENERAL COUNSEL, Chicago, Illinois, for Appellee.

---

### OPINION

---

COOK, Circuit Judge. Valerie Smith challenges the denial of disability insurance benefits to her by the Social Security Administration (SSA), contending that its decision neither complied with the treating source regulation nor was supported by substantial evidence. We disagree with these contentions and affirm.

I

Smith applied for disability benefits on March 1, 2001, alleging onset of disability on September 1, 2000. From 2001 to 2004, Smith saw several doctors for physical and mental pain. In 2001, doctors diagnosed her with chronic pain syndrome, lower back pain, right leg radiculitis, degenerative disc disease, restless leg syndrome, osteoporosis, and depression. Doctors continued to examine her over the next three years, diagnosing some of these problems and finding Smith's capability to engage in physical activity somewhat limited.

After the SSA denied her initial claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) payments, Smith, represented by counsel, appeared before an Administrative Law Judge (ALJ) in January 2004 for a hearing. Both Smith and a vocational expert testified. The ALJ applied the five-step evaluation for disability benefits required by 20 C.F.R. §§ 404.1520 and 416.920. The ALJ reviewed the extensive medical evidence and found two reports unreliable and inconsistent with the overall record. He also did not give reasons for the weight he gave two other opinions.

The ALJ denied Smith's claim, finding that although she was physically and mentally limited, there were "a significant number of jobs in the national economy that [Smith] could perform." Smith sued in the district court, and the magistrate judge recommended finding that the ALJ erred by rejecting the opinions of Doctors Shah and Martin without "articulat[ing] *any* rationale for doing so," in violation of SSA regulations as interpreted by this court in *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).

The district court overruled the magistrate's report and recommendation, finding that the "ALJ offered a number of reasons for declining to give controlling weight to opinions of [Smith's] physicians regarding the extent of her limitations" and holding that the "ALJ did not violate any procedural right [that Smith] might have to an adequate explanation of why the ALJ declined to fully credit her physicians' opinions." After the district court upheld the ALJ's decision to deny Smith disability benefits, Smith appealed.

II

Smith argues that the ALJ violated 20 C.F.R. § 404.1527(d)(2) and *Wilson* by failing to give good reasons for rejecting two medical opinions and failing to give controlling weight to other opinions. The SSA promises claimants that ALJs "will evaluate every medical opinion [they] receive." 20 C.F.R. § 404.1527(d). Yet it also recognizes that not all medical sources need be treated equally, classifying acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources.

A "nonexamining source" is "a physician, psychologist, or other acceptable medical source who has not examined [the claimant] but provides a medical or other opinion in [the claimant's] case." *Id.* § 404.1502. A "nontreating source" (but examining source) has examined the claimant "but does not have, or did not have, an ongoing treatment relationship with" her. *Id.* A treating source, accorded the most deference by the SSA, has not only examined the claimant but also has an "ongoing treatment relationship" with her consistent with accepted medical practice. *Id.*

When evaluating medical opinions, the SSA will generally "give more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined" her. *Id.* § 404.1527(d)(1). The SSA will give the most weight "to opinions from [the claimant's] treating sources, since these sources are likely to be medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) . . . ." *Id.* § 404.1527(d)(2). The SSA promises claimants that it "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion." *Id.*

In *Wilson*, this court characterized the § 404.1527(d)(2) reasons-giving requirement as clearly procedural, ensuring "that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." 378 F.3d at 544. Claimants are entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits. *Id.* at 547; *see also* Soc. Sec. Rul. 96-2p, 61 Fed. Reg. 34,490 (July 2, 1996) (requiring good reasons even when "the determination or decision is fully favorable and would be even without consideration of treating source's medical opinion").

Importantly, though, this reasons-giving requirement exists only for § 404.1527(d)(2), and not for the remainder of § 404.1527(d). As the *Wilson* court noted, the procedural requirement exists, in part, for claimants to understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are. 378 F.3d at 544. Yet even if the purpose of the reasons-giving requirement in § 404.1527(d)(2) applies to the entire regulation, the SSA requires ALJs to give reasons for only *treating* sources. When an agency includes a requirement in only one section of a regulation, we presume the exclusion from the remainder of the regulation to be intentional. *Cf. Russello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."). Before determining whether the ALJ violated *Wilson* by failing to properly consider a medical source, we must first classify that source as a "treating source."

Classifying a medical source requires us to interpret the definitions in § 404.1502, a question of law we review de novo. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing *Smith-Wilkins v. Sec'y of HHS*, 880 F.2d 864, 866 (6th Cir. 1989)). Any fact found by the ALJ bearing on the question, however, must be accepted by this court if it is supported by substantial evidence. 42 U.S.C. § 405(g); *see also McClanahan*, 474 F.3d at 833. We will defer to the Commissioner's factual finding that is supported by substantial evidence, even if we might reach the opposite conclusion. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

A physician qualifies as a treating source if the claimant sees her "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition." 20 C.F.R. § 404.1502. A physician seen infrequently can be a treating source "if the nature and frequency of the treatment or evaluation is typical for [the] condition." *Id.*

Smith claims her medical reports from Doctors Martin and Shah deserve treating-source review. We cannot agree. Martin examined Smith only once in October 2001 and wrote a single "physical capacity evaluation." Shah examined Smith, completed a medical report, prescribed and refilled back pain medication, and denied additional medication when Smith returned seeking more. We agree with the district court that Smith's contacts with Martin and Shah fail to evince the type of ongoing treatment relationship contemplated by the plain text of the regulation. *See Daniels v. Apfel*, No. 00-5009, 2000 U.S. App. LEXIS 30137, at *7 (10th Cir. 2000) (doubting that doctor was a treating source where although "he diagnosed appellant and prescribed medication for him, there [was] no evidence [the doctor] provided ongoing care for [the claimant]"); *cf. Bowen v. Comm'r of Soc. Sec.*, ___ F.3d ___, No. 06-5622, slip op. at 5 (6th Cir. Mar. 9, 2007) (finding a doctor who treated the claimant for three years was a "treating source"). In the absence of treating-source status for these doctors, we do not reach the question of whether the ALJ violated *Wilson* by failing to give reasons for not accepting their reports.

Smith also faults the SSA for failing to give controlling weight to Doctors Barber and Griner. For purposes of this argument, we assume without deciding that Barber and Griner were treating sources.[1] The SSA will give a treating source's opinion "controlling weight" unless it is either not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). The ALJ declined to give Barber's and Griner's opinions controlling weight, specifically stating that they were "inconsistent with the overall evidence of record," a factual determination within his discretion under § 404.1527(d)(2). These doctors formed their opinions solely from Smith's reporting of her symptoms and her conditions, and the ALJ found that Smith was not credible.

---

[1] Griner examined Smith in late 2001 for back pain and administered trigger point injections. Barber, who had examined Smith in 2003, completed a report in January 2004 finding some restrictions on Smith's ability to work.

Because substantial evidence supports the ALJ's rejection of these reports, we defer to that finding. 42 U.S.C. § 405(g).

## III

Smith further contends the ALJ misapplied the "governing five-step inquiry outlined in 20 C.F.R. § 404.1520," *Bowen*, ___ F.3d at ___, slip op. at 4, when he denied her disability benefits. Specifically, Smith challenges the ALJ's decision that her physical and mental impairments did not prevent her from performing a significant number of jobs in the national economy. *See id.* We disturb the ALJ's factual findings underpinning this decision only if they are not supported by substantial evidence. 42 U.S.C. § 405(g); *see also McClanahan*, 474 F.3d at 833. "Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Colvin*, 475 F.3d at 730 (internal quotation omitted).

The ALJ found that Smith has the residual functional capacity (RFC) for "simple, unskilled, low stress light work with no more than two hours per day of standing and walking," because record evidence showed Smith's spinal abnormalities to be minimal and revealed that her medical problems would permit her to work while seated for a full work day. Record evidence also convinced the ALJ that Smith's range of activities at home contradicted her "allegations regarding her limitations," supporting the ALJ's adverse credibility finding.

Furthermore, the record contains substantial evidence that Smith has sufficient mental function to perform the mild work the ALJ found she could do. Smith complains that the mental RFC determination must be defective because she has been rated 45-50 on the Global Assessment of Functioning (GAF) scale. Even assuming GAF scores are determinative, the record supports a GAF in the high 40s to mid 50s, which would not preclude her from having the mental capacity to hold at least some jobs in the national economy. We thus hold that the ALJ's findings as to both her physical and mental RFC were supported by substantial evidence and cannot be set aside under 42 U.S.C. § 405(g).

## IV

For the foregoing reasons, we affirm.