NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0823n.06
Filed: December 3, 2007

No. 07-5628

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| STEVEN H. MITCHELL, JR., | ) | APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Plaintiff-Appellant, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | MEMORANDUM OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE:    CLAY, SUTTON and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.**  On March 21, 2007, the United States District Court for the Eastern District of Kentucky upheld, as supported by substantial evidence, the decision of the Commissioner of Social Security denying the application of plaintiff Steven H. Mitchell, Jr., for disability insurance benefits.  Plaintiff now appeals the district court's judgment, contending the court failed to consider the whole record.  For the reasons that follow, we affirm.

**I**

Plaintiff Steven H. Mitchell, Jr., was born on July 5, 1956.  He lives in Cranks, Kentucky, in a single-story home with his wife.  On October 9, 2003, at the time of the last hearing before the administrative law judge ("ALJ"), on whose decision the Commissioner's final decision is based, plaintiff was 5' 11" and weighed 205 lbs.  He has a high school education.  His past work experience

includes almost 20 years' work as a coal mine equipment operator and laborer. He was laid-off in September 1997. In 1998 and 1999, he received vocational training in carpentry. He alleges he became disabled in January 1998 due to back pain, pain in his feet, ankles and left hip, migraine headaches and anxiety attacks.

In his original decision, the ALJ held that although plaintiff has severe medically determinable impairments (consisting of a very mild lumbar-sacral disc herniation, anxiety and depression) that limit his ability to work, he is not under a disability because he retains the residual functional capacity to perform a significant range of light work. ALJ Decision 9/27/01, AR 11. The Commissioner, through the Social Security Administration Appeals Council, initially upheld this decision. During judicial review, however, the Commissioner moved for a remand of the matter to the ALJ for clarification. The motion was granted. Following further proceedings, the ALJ issued a second decision, again concluding that plaintiff retains the residual functional capacity to perform a significant range of light work. ALJ Decision 11/24/2003, AR 313. The Commissioner rejected plaintiff's objections to the ALJ's decision and gave notice on April 25, 2006 that the ALJ's decision constituted the Commissioner's final decision.

On judicial review, the district court recognized that the ALJ's decision was based on the opinion of a vocational expert given in response to a hypothetical question put to him by the ALJ purporting to summarize the relevant record medical evidence. Hearing tr. pp. 45-46, AR 465-66. Plaintiff did not directly challenge the vocational expert's opinion, but merely summarized the evidence of his various maladies and insisted the record demonstrates that he is totally and permanently disabled. The district court treated plaintiff's argument as impliedly challenging the

adequacy of the hypothetical question on which the opinion was based, citing *Varley v. Secretary of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (recognizing that residual functional capacity can be established through the testimony of a vocational expert in response to a hypothetical question, but only if the question accurately portrays the plaintiff's physical and mental impairments). Memorandum Opinion pp. 6-7. The court determined that, notwithstanding conflicting evidence regarding the impact of plaintiff's mental impairment, all factors included in the hypothetical question were supported by substantial evidence. On appeal, plaintiff reasserts the same arguments, maintaining that neither the ALJ's nor the district court's assessment of his residual functional capacity is supported by substantial evidence.

**II**

We do not have the prerogative to consider the factual merits of plaintiff's application *de novo*, or to resolve conflicts in evidence, or to decide questions of credibility. *Walters v. Comm'r of Social Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Rather, appellate review is limited to determining whether the district court erred in finding that the Commissioner's decision is supported by substantial evidence. *Id.* "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence supports the Commissioner's decision, we review the administrative record as a whole, but we may not reverse the Commissioner's decision merely because there exists substantial evidence that supports a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

Plaintiff contends the hypothetical question posed to the vocational expert by the ALJ was inadequate because it failed to take into consideration the functional limitations resulting from his "chronic migraine headaches, bilateral foot and ankle pain, bilateral leg pain, right knee pain and swelling, bilateral elbow pain, bilateral wrist pain, bilateral hand numbness, lower extremity numbness, and peripheral neuropathy." Plaintiff cites record evidence demonstrating that he has experienced symptoms secondary to these conditions over the years.

As pointed out by the Commissioner, however, the record is devoid of evidence that these conditions resulted in functional limitations any more restrictive than those incorporated into the ALJ's hypothetical question. In fact, the physical activity restrictions imposed by plaintiff's own treating physician, Marissa Vito Cruz, M.D., whose opinion should be given "controlling weight" unless it is not well-supported by medically acceptable techniques or is inconsistent with other substantial evidence, *Smith v. Comm'r of Social Sec.*, 482 F.3d 873, 876-77 (6th Cir. 2007), were *less* restrictive than those incorporated into the ALJ's hypothetical question. Plaintiff has not even disputed the district court's finding that "no other source listed greater restrictions" than those imposed by Dr. Cruz. Memorandum Opinion p. 9.

Plaintiff concedes that the residual functional capacity determination he is challenging is an assessment of his remaining capacity for work once his limitations have been taken into account; an assessment of what he can and cannot do, not what he does and does not suffer from. *See Howard v. Comm'r of Social Sec.*, 276 F.3d 235, 239 (6th Cir. 2002). Yet, his objection to the ALJ's assessment is based on what he suffers from, instead of what he cannot do. The ALJ adequately considered the former. When assessing plaintiff's residual functional capacity, the ALJ recognized

his duty to "consider all symptoms, including pain" and based the limitations on a "review of the record in its entirety." ALJ Decision 11/24/03, AR 318. The ALJ thus adequately considered the combined effects of plaintiff's conditions. *See Simons v. Barnhart*, 114 F. App'x 727, 734 (6th Cir. 2004) (noting that where the ALJ "specifically stated that he was obligated to consider all symptoms, including pain," the ALJ was not required to "separately discuss [plaintiff's] multiple impairments"); *see also Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990).

To the extent plaintiff argues that the hypothetical question is inadequate because it did not include a list of all his alleged maladies, the objection is meritless. "A hypothetical question need only reference all of a claimant's limitations, without reference to the claimant's medical conditions." *Webb v. Comm'r of Social Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). Hence, the hypothetical question used in this case is not materially flawed simply because the ALJ did not include an exhaustively complete listing of plaintiff's complained of medical conditions. To the contrary, because the functional limitations included in the hypothetical question are supported by substantial evidence on the whole record, we conclude that the hypothetical question represents a sufficiently accurate portrayal of what plaintiff "can and cannot do."

**III**

Plaintiff also contends the ALJ erred by failing to take evidence of his mental impairments into consideration in his hypothetical question. Specifically, he relies on the opinion of a psychologist, Reba Moore, M.A., who examined him on one occasion. Ms. Moore noted that plaintiff "suffers significant depression, anxiety and panic attacks," and that his "stress tolerance is low" and his "concentration is impaired." Moore psych. eval. 2/5/01, AR 201. Yet, as the

Commissioner points out, Moore's opinion is directly refuted by the assessments of psychiatrist Kevin W. Eggerman, M.D., and medical expert Neil Lewis, M.D. Dr. Eggerman viewed plaintiff as suffering from moderate anxiety, but as retaining "fair to good" ability to relate to co-workers and tolerate work-related stress. Eggerman consult. eval. 5/1/2000, AR 146; Eggerman med. assessment 6/9/03, AR 382-83. Dr. Lewis, who testified as a medical expert in the last ALJ hearing based on his review of the medical records, specifically compared Moore's and Eggerman's respective assessments and explained why Eggerman's was better supported and more reliable. Hearing tr. pp. 33-43, AR 453-63. It is thus apparent that the ALJ placed greater weight on the opinions of Eggerman and Lewis in fashioning the hypothetical question. These opinions represent substantial evidence supporting the accuracy of the hypothetical question used and the propriety of the resultant findings. The fact that other substantial evidence in the record (i.e., Moore's opinion) could have supported use of a modified hypothetical question is insufficient to warrant disturbing the Commissioner's ultimate decision.

**IV**

Accordingly, we overrule plaintiff's objections to the district court's judgment. Plaintiff has failed to demonstrate that the district court erred in its determination that the Commissioner's decision, denying plaintiff's application for disability insurance benefits, is supported by substantial evidence. The judgment of the district court is therefore **AFFIRMED**.