**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0267n.06

No. 10-4387

| | | |
|---|---|---|
| UNITED STATES COURT OF APPEALS | | **FILED** |
| FOR THE SIXTH CIRCUIT | | *Mar 09, 2012* |
| | | LEONARD GREEN, Clerk |

BARBARA L. TATE,                                )
                                                        )
    Plaintiff-Appellant,              )          ON APPEAL FROM THE
                                                        )          UNITED STATES DISTRICT
v.                                                     )          COURT FOR THE SOUTHERN
                                                        )          DISTRICT OF OHIO
COMMISSIONER OF SOCIAL SECURITY,   )
                                                        )
    Defendant-Appellee.              )

BEFORE:  GIBBONS, GRIFFIN, and DONALD, Circuit Judges.

PER CURIAM.  Barbara L. Tate appeals a district court judgment that affirmed the partial denial of her applications for social security disability and supplemental security income benefits. *See* 42 U.S.C. § 405(g).

Tate had filed a prior application for social security disability benefits, alleging that she became disabled in 2001 due to chronic pain and depression.  An administrative law judge ("ALJ") denied the application, and the Appeals Council declined further review.  However, the district court reversed that decision and remanded the case for further proceedings on Tate's residual functional capacity and the amount of deference to be afforded to the opinion of her treating physician.

Tate filed her current applications while her prior case was pending in the district court, and they were also considered by the ALJ upon remand.  The ALJ conducted a new hearing and found that Tate had the following severe impairments:  a history of thoracolumbar strain, the residuals of

a fractured toe, neuropathy in the left fibula head, a pain disorder, and depression. The ALJ found that these impairments precluded her past work, even though they were not equivalent to any of the impairments that are listed in Appendix 1 of the social security regulations. The ALJ accordingly analyzed Tate's residual functional capacity and determined that she was capable of light work. The ALJ based this determination on reports by Dr. Jon Starr of the Bureau of Disability Determination and Dr. Stephen Pledger, an orthopedic surgeon. In so doing, the ALJ did not give controlling weight to Tate's treating physician, Dr. Candice Sieben. The ALJ then relied on the testimony of a vocational expert to find that Tate was not disabled prior to her fifty-fifth birthday because a limited but significant number of light and sedentary jobs were available to her. However, the ALJ also relied on the Medical-Vocational Guidelines in Appendix 2 of the regulations to find that Tate was entitled to benefits after January 29, 2007, when she reached the age of fifty-five.

The ALJ's opinion became the final decision of the Commissioner when the Appeals Council declined further review. Tate filed a complaint seeking judicial review, and the district court affirmed the Commissioner's decision on September 1, 2010. Tate now appeals.

We review de novo the district court's conclusion that the ALJ's decision is supported by substantial evidence. *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

> When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Instead, we consider the ALJ's decision determinative if there is such relevant evidence as a reasonable mind might accept as sufficient to support the ALJ's conclusion. The substantial evidence standard is less exacting than the preponderance of evidence standard. If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion.

*Id.* (citations and internal quotation marks omitted).

Tate argues that the ALJ failed to give adequate deference to the opinion of her treating physician, Dr. Candice Sieben, which indicated that Tate was unable to perform even sedentary work. The opinion of a treating physician is afforded controlling weight if it is consistent with the evidence and supported by sufficient clinical findings. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007). However, an ALJ is not bound by such an opinion if there is substantial medical evidence to the contrary. *Id.* In addition, the ALJ is not bound by a physician's conclusory opinion that a claimant is unable to work. *Bass*, 499 F.3d at 511.

The ALJ discounted Dr. Sieben's opinion because there were substantial gaps in her treatment of Tate. He also noted that Dr. Sieben's assessment appeared to be based on Tate's subjective complaints, without sufficient support from objective clinical or neurological findings. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997). Dr. Sieben's opinion was also inconsistent with other evidence, including the report of Dr. Jon Starr, who had reviewed the medical record and determined that Tate had the residual functional capacity to perform almost all of the requirements of light work. *See Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987).

In light of this analysis, we conclude that the ALJ gave sufficient reasons for discounting the opinion of Tate's treating physician. *See Bass*, 499 F.3d at 511-12. Moreover, the ALJ gave adequate deference to Dr. Sieben's opinion by finding that Tate had severe impairments that precluded her past work and significantly limited the types of other jobs that she could perform. *See id.* at 512; *Warner*, 375 F.3d at 391-92.

Tate's testimony at the administrative hearing indicated that she suffers from chronic pain and depression that limits her ability to stand, walk, and sit for any significant length of time. She now argues that the ALJ gave insufficient reasons for discounting her allegations of disabling symptomatology, including severe pain. However, the ALJ noted that Tate's demeanor at the hearing undermined her credibility and that her allegations were not sufficiently supported by objective medical evidence.

A claimant's testimony may be discounted if it is contradicted by the medical reports and other evidence in the record. *Warner*, 375 F.3d at 392. While the medical evidence here indicates that Tate does have severe impairments as noted by the ALJ, it does not specifically support Tate's testimony regarding the extent of her limitations. Indeed, there is evidence to support the ALJ's finding that she was able to perform a limited range of light work. Hence, there is substantial evidence to support the ALJ's finding that Tate was not fully credible. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 287 (6th Cir. 2009); *Warner*, 375 F.3d at 392.

The ALJ posed a hypothetical question to the vocational expert to determine the number of jobs that might be available to Tate despite her impairments. The assumptions in the ALJ's question were consistent with Dr. Starr's report and the report of an examining orthopedic surgeon, Dr. Stephen Pledger. The ALJ asked the vocational expert to assume a claimant who could perform no more than the exertional requirements of light work with a sit/stand option. The hypothetical claimant could not perform jobs that required balancing or climbing on ropes, ladders, or scaffolds. The claimant was also limited in her ability to stoop, kneel, work on uneven surfaces, and use foot controls. In addition, the hypothetical claimant was limited to jobs that did not require the ability to concentrate on a single task for more than fifteen minutes at a time or the ability to follow complex or detailed instructions. She was also limited to low-stress jobs that did not require production quotas or dealing with the general public.

In response, the vocational expert identified a significant number of light and sedentary jobs that would be available to the hypothetical claimant despite her impairments. This response satisfied the Commissioner's burden of showing that a significant number of jobs were available to Tate, even if she could not perform her past work. *See Harmon v. Apfel*, 168 F.3d 289, 291-92 (6th Cir. 1999). Hence, there was substantial evidence in the record to support the Commissioner's ultimate determination that Tate was not entitled to benefits before she reached the age of fifty-five.

Accordingly, the district court's judgment is affirmed.