*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0331p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

PAUL W. BASS II,

         *Plaintiff-Appellant,*

    *v.*

LINDA S. MCMAHON, ACTING COMMISSIONER OF
SOCIAL SECURITY,

         *Defendant-Appellee.*

No. 06-4415

>

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 05-00897—Algenon L. Marbley, District Judge.

Argued: July 19, 2007

Decided and Filed: August 21, 2007

Before: KENNEDY, GIBBONS, and McKEAGUE, Circuit Judges.

---

## COUNSEL

**ARGUED:** Timothy F. Cogan, CASSIDY, MYERS, COGAN, VOEGELIN & TENNANT, Wheeling, West Virginia, for Appellant. James B. Geren, SOCIAL SECURITY ADMINISTRATION, OFFICE OF THE GENERAL COUNSEL, Chicago, Illinois, for Appellee. **ON BRIEF:** Timothy F. Cogan, CASSIDY, MYERS, COGAN, VOEGELIN & TENNANT, Wheeling, West Virginia, for Appellant. James B. Geren, SOCIAL SECURITY ADMINISTRATION, OFFICE OF THE GENERAL COUNSEL, Chicago, Illinois, for Appellee.

---

## OPINION

---

    KENNEDY, Circuit Judge. Paul W. Bass II ("plaintiff") seeks review of the district court's decision upholding the Administrative Law Judge's (ALJ's) denial of disability insurance benefits. He makes two primary arguments. First, he argues that the ALJ's decision was not supported by substantial evidence, essentially because it did not give proper weight to a treating physician's opinion. He also argues that he has submitted new and material evidence, and therefore his case should be remanded to the ALJ for a rehearing. We find that the ALJ's decision was supported by substantial evidence and that plaintiff has not provided good reason for previously failing to submit the allegedly new and material evidence and therefore has not met the standard for a remand.

1

## BACKGROUND

Plaintiff filed an application for Social Security Disability benefits based on a number of medical conditions on May 6, 2003. The state agency denied his initial application and denied him again upon reconsideration. Plaintiff then requested a hearing, which was held on October 28, 2004. The ALJ found that plaintiff, a "younger" individual, *see* 20 C.F.R. §§ 404.1563(c), 416.963(c), although not able to do the type of labor-intensive work he used to do, was able to perform a significant number of sedentary positions, as identified by the vocational expert. Plaintiff, therefore, was not entitled to disability benefits. Plaintiff then requested and was denied review by the Appeals Council. Plaintiff sought review in the District Court for the Southern District of Ohio. After considering plaintiff's extensive objections, the district court adopted the magistrate judge's detailed report, which found that substantial evidence supported the ALJ's decision and found that a remand was unnecessary.

Plaintiff argues on appeal that the ALJ's decision is not supported by substantial evidence because the ALJ improperly disregarded the opinion of a treating physician without providing good reasons for doing so.[1] 20 C.F.R. § 404.1527(d)(2) states that the Social Security Administration "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). He also argues that the information he provided to the Appeals Council was new and material. 42 U.S.C. § 405(g) provides that a remand for rehearing can be ordered "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." After careful review of the extensive record, we affirm the district court for the reasons which follow.

## ANALYSIS

Plaintiff argues that the district court erred in finding that the ALJ's decision was supported by substantial evidence. He asserts that the ALJ did not give proper weight to a treating physician's opinion. On appeal of the denial of benefits, this court conducts de novo review of the district court's legal conclusion that the ALJ's decision was supported by substantial evidence. *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Instead, we consider the ALJ's decision determinative if there is "such relevant evidence as a reasonable mind might accept" as sufficient to support the ALJ's conclusion. *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citation omitted). The substantial evidence standard is less exacting than the preponderance of evidence standard. *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996). If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Plaintiff also argues that the district court erred in affirming the Appeals Council's denial of rehearing, because the information submitted to the Appeals Council was both new and material. 42 U.S.C. § 405(g) (2006). After reviewing the record, we agree that the ALJ's decision is supported by substantial evidence and that no good reason was provided for not submitting this allegedly new and material evidence to the ALJ, and therefore neither of defendant's grounds for appeal has merit.

---

[1] Plaintiff asserted many other arguments in his brief. These arguments challenged the ALJ's opinion as not supported by substantial evidence by calling into question the ALJ's credibility determinations and pointing to the ALJ's lack of explicit discussion of certain Listings categories and certain medical evidence, as well as other grounds. Plaintiff's counsel stated during oral argument that these were not his primary arguments; instead, he asserted it was primarily a treating physician case. We have examined the record closely with respect to these other arguments and find that none have any merit nor do they warrant further discussion.

I. Substantial Evidence

Plaintiff asserts that the ALJ failed to give the good reasons required to not give a treating physician's, Dr. Naum's, opinion controlling weight. 20 C.F.R. § 404.1527(d)(2) (2006) ("[The Social Security Administration] will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."); *see Wilson*, 378 F.3d at 544. Plaintiff claims the ALJ rejected Dr. Naum's opinion regarding plaintiff's ability to ambulate and his gait. Plaintiff also claims the ALJ rejected Dr. Naum's opinion because on December 22, 2003, Dr. Naum stated that "Mr. Bass continues to have severe low back pain, which in and of itself is disabling," and Dr. Naum at one point ordered a handicap parking pass for plaintiff, and yet the ALJ did not find plaintiff disabled.

A. Ambulation and Gait

Dr. Naum made no diagnosis and gave no medical opinion regarding plaintiff's ability to ambulate or his gait. Rather, Dr. Naum only observed that plaintiff exhibited an antalgic gait, moved slowly, and used double-braced canes to assist him. These observations, without more, are not the type of information from a treating physician which will be provided great weight under 20 C.F.R. § 404.1513(b). Additionally, 20 C.F.R. § 404.1527(a)(2) defines medical opinions as assertions involving judgments about a patient's "symptoms, diagnosis and prognosis." Dr. Naum diagnosed plaintiff with spondylolisthesis, bulging at L5-S1, obesity, hypertension, chronic obstructive pulmonary disease, cardiac dysrhythmias, and tobacco addiction. Dr. Naum recorded medical evidence of a slight spasm of the left paraspinal muscle on palpatation as well as decreased sensory to light touch in L5-5 and S1 dermatones. Dr. Naum prescribed plaintiff medications, such as OxyContin and a Duragesic patch. All of this comports with what Dr. Heban, the state agency's physician, reported, a report to which the ALJ gave great weight in determining that plaintiff lacked credibility. Dr. Naum never asserted that plaintiff's observed quality of movement was to be expected nor asserted that use of double-braced canes was necessary given the conditions that all the doctors agree plaintiff has. Observations about plaintiff's gait and ambulation, then, are more like statements made by plaintiff about his conditions, statements that the ALJ here found not entirely credible when compared to objective medical evidence. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990) (holding that a doctor's report that merely repeats a patient's assertions about her level of pain and ability to sleep, stand, and walk is not objective medical evidece); 20 C.F.R. § 404.1529 (2006); *see also Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007) (holding that doctors' opinions are not due much weight when based solely on reports made by a patient that the ALJ found to be incredible). Since Dr. Naum made no medical judgments, the ALJ had no duty to give such observations controlling weight or provide good reasons for not doing so.

Even if the noted observations regarding plaintiff's gait and ambulation were considered to be Dr. Naum's medical opinions, plaintiff would still have to prove that the ALJ rejected these findings and failed to provide good reasons. *See Wilson*, 378 F.3d at 544. There is no support for plaintiff's argument that the ALJ rejected these alleged findings. Dr. Naum variously noted over time that plaintiff had a limp, slow movement, initial antalgic steps when walking, and used two canes to support himself when walking. Mr. Czuczman, the vocational expert, testified that use of a cane and slow walking would not limit plaintiff's ability to perform the jobs he determined plaintiff could do in response to the ALJ's hypothetical. While Mr. Czuczman did say that plaintiff would not be able to perform the jobs if plaintiff leaned on his canes with both hands while sitting, neither Dr. Naum nor any other doctor ever recorded that he observed plaintiff doing this. Therefore, failure to explicitly state how much weight the ALJ was providing such observations is harmless under *Wilson* because the ALJ's opinion is completely consistent with such observations. *See Wilson*, 378 F.3d at 547; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535-36 (6th Cir. 2001).

B.  Statements About Plaintiff Being Disabled

The ALJ properly rejected Dr. Naum's conclusion of disabling back pain as well as the inference of disability that could be drawn from Dr. Naum ordering plaintiff a handicap parking sticker. 20 C.F.R. § 404.1527(e)(1) explicitly states that the conclusion of disability is reserved to the Secretary, a fact correctly noted by the ALJ. Subsection (e)(3) further elaborates that no "special significance" will be given to opinions of disability, even if they come from a treating physician. 20 C.F.R. § 404.1527(e)(3) (2006); SSR96-5: Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, 61 Fed. Reg. 34471, 34473 (Soc. Sec. Admin. July 2, 1996).  While controlling weight will not be provided to a treating physician's opinion on an issue reserved to the Commissioner, the ALJ still must "explain the consideration given to the treating source's opinion(s)."  SSR96-5: Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, 61 Fed. Reg.  at 34474.

The ALJ adequately explained the consideration given to Dr. Naum's conclusion of disability.  Dr. Naum's ordering of a disability placard adds nothing to a finding of disability here because there is no evidence that the two have substantially similar requirements for finding a person to be disabled.  Additionally, Dr. Naum's statement that Mr. Bass's lower back pain was "in and of itself disabling" is ambiguous at best.  Dr. Naum made this statement in response to a finding by Dr. Schreiber that plaintiff had 0% permanent or partial disability under the workers' compensation laws.  It is therefore not clear that Dr. Naum's assessment of disability would be the same under the social security disability benefits law.  *See Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 491 (6th Cir. 2005) (unpublished) (holding that failure to discuss a confusing and unclear statement a *de minimis*, and therefore harmless, violation of the treating physician rule).  Additionally, Dr. Naum qualified his disagreement with Dr. Schreiber's workers' compensation disability assessment by stating that while Dr. Schreiber's assessment seems wrong to him, he "ha[s] not examined [plaintiff] in such a manner to recommend [a disability rating for plaintiff] on [his] own."  Dr. Naum admitted, then, that his opinion is more based on a hunch and therefore is not that well-supported by "medical signs and laboratory findings," *see* 20 C.F.R. § 404.1527(d)(3) (2006), and was not made based on "medically acceptable clinical and laboratory diagnostic techniques," *see id.* § 404.1527(d)(2).

The ALJ also explained why Dr. Naum's opinion, if taken to mean that plaintiff met the standard for social security disability benefits, was inconsistent with the record and even inconsistent with Dr. Naum's own statements.  *See id.* § 404.1527(d)(4).  The ALJ noted that just a little more than a month before stating that plaintiff's back pain was "in and of itself disabling," Dr. Naum gave his medical opinion regarding plaintiff's ability to work.[2]  Dr. Naum stated that plaintiff's "prognosis for return to work to his original job is extremely poor at this time."  Dr. Naum also stated, however, that plaintiff could again work with rehabilitation and retraining, and suggested a supervisory or instructional position.  He further noted that plaintiff should not return to a job that requires heavy lifting.  He noted restrictions on plaintiff's range of movement.  All of this is consistent with the ALJ's findings regarding the limitations on plaintiff's ability to do sedentary work. The ALJ therefore only rejected Dr. Naum's opinion that plaintiff was disabled to the extent that Dr. Naum meant that plaintiff's ailments and consequent limitations were severe enough to

---

[2]Both the ALJ and the government's reply brief have a factual error regarding the time between Dr. Naum's statement that plaintiff's back pain was "in and of itself disabling" and Dr. Naum's assessment regarding plaintiff's ability to work. They assert that Dr. Naum's statement that plaintiff was disabled occurred in 2000.  That statement, however, was made on December 22, 2003. It was therefore later in time than, and not three years prior to, Dr. Naum's assessment regarding plaintiff's ability to work, which was made on November 19, 2003.  Despite this factual error, the ALJ's comparison of the two statements remains valid; the ALJ was only noting that the two statements had to be reconciled or were inconsistent given their temporal relationship. That remains true.  The two are close enough in time that they should be assessed as meaning substantially the same thing or conflicting without apparent reason for doing so.  This is especially true because the disability assessment was made during plaintiff's next visit to Dr. Naum after the November 19 visit, and Dr. Naum did not note a significant change in plaintiff's condition or change his treatment plan.

receive disability benefits. Good reasons were provided for such a rejection because Dr. Naum had stated that plaintiff would be able to return to work during the immediately-preceding visit. Additionally, Dr. Naum qualified his assertion of plaintiff's disability by saying that he had not conducted the proper tests to offer an alternative assessment. Lastly, other evaluators found that plaintiff was not disabled, a finding the ALJ found to be better supported by objective medical evidence. These evaluators included Dr. Schreiber, Dr. Heban, and Dr. Perzanowski, a chiropractor whose testimony plaintiff asks us to weigh heavily. Thus, the ALJ provided good reasons for disregarding Dr. Naum's conclusion of disability by noting that the precise meaning of Dr. Naum's conclusion was ambiguous and that even if Dr. Naum meant that plaintiff met the level of disability required by the statute, then this finding was inconsistent with Dr. Naum's previous statements and was contradicted by substantial evidence in the record. *See* 20 C.F.R. § 404.1527(d)(2), (d)(4) (2006).

### C. Evidence To Be Considered When Determining Harmlessness

As a final note, counsel for plaintiff made an argument during oral argument regarding harmlessness under *Wilson* that we believe should be addressed. *Wilson* requires reversal when a treating physician's opinion was ignored and no reasons for doing so were provided. *Wilson*, 378 F.3d at 546. That is not the case we have here, as we found that Dr. Naum's opinion was not ignored and good reasons were provided to the extent that his opinion was rejected. If this were not the case, however, *Wilson*'s next inquiry is whether or not such procedural failure was harmless, and if harmless the ALJ should be affirmed. *See id.* at 547; *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 747-49 (6th Cir. 2007); *Smith*, 482 F.3d at 877; *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (unpublished); *Daniels*, 152 F. App'x at 491; *Hall v. Comm'r of Soc. Sec.*, 148 F. App'x 456, 464-65 (6th Cir. 2005); *Heston*, 245 F.3d at 535. Plaintiff argued that the new evidence he presented to us, while unable to be considered in substantial evidence review itself, could be considered to determine the harmfulness of the ALJ's procedural error. This argument is completely without basis in law, and plaintiff pointed to no authority for this proposition. Only evidence in the record below can be considered when determining whether or not the ALJ's opinion was supported by substantial evidence, which includes the harmfulness in ignoring a treating physician's opinion. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) ("[W]here the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision."). There is no backdoor route to get new evidence considered for the first time at the court of appeals level; the only method to have new evidence considered is to ask for a sentence six remand under 42 U.S.C. § 405(g), a claim which is analyzed below.

### II. New and Material Evidence

Plaintiff asserts that the material submitted to the Appeals Council was new and material. Sentence six of 42 U.S.C. § 405(g) allows a remand to develop additional evidence in the record, "but only upon a showing that there is new evidence[3] which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding." Plaintiff avers that the standard was met. We disagree.

---

[3]We note that most of the evidence submitted to the Appeals Council had already been submitted to and considered by the ALJ, a fact plaintiff admits in his brief. Plaintiff is now asking us to go through one-hundred-twenty-two pages to determine which of the records were not previously submitted, and which of these new records are material. ("[M]any [of the allegedly new records] were already in the record. To the extent they were not in the record, claimant moved to remand as they are new and material."). This in and of itself is likely inadequate development to constitute a real argument. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

The lack of good cause for incorporating this evidence in the record is the simplest reason why the standard for remand is not met. Plaintiff has not detailed any obstacles that prevented him from entering this evidence, all of which predates the hearing before the ALJ on October 28, 2004. *See Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984) (per curiam). Indeed, plaintiff had no apparent problem submitting evidence from July 2004 regarding his gangrenous infection. Yet, plaintiff apparently had a problem entering evidence from 2001, and March, April, and June of 2004. To show good cause, plaintiff points only to the fact that the ALJ closed the record after the hearing for all but reports from Dr. Naum. Indeed, it is not clear that the ALJ did in fact close the record. Even if the ALJ did close the record, plaintiff's counsel has not explained why he failed to submit this evidence which predates the hearing before the ALJ closed the record. Additionally, plaintiff's counsel did not seek to have the record remain open to submit the evidence here provided, which in and of itself shows a lack of good cause. *See Curry v. Sec'y of Health & Human Servs.*, No. 87-1779, 1988 WL 89340, at *4 (6th Cir. Aug. 29, 1988) (unpublished). We find no good reason for the failure to provide this evidence to the ALJ.

We also note that even if there was good reason, plaintiff's evidence is not material. Material evidence is evidence that would likely change the Commissioner's decision. *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff vigorously asserts that the instruction to elevate his legs is material because Mr. Czuczman testified that if an individual needed to elevate his feet three to four times per day, that person would not be able to perform the previously identified jobs. This instruction does not detract form the ALJ's conclusion of nondisability. First, this instruction was given on May 20, 2001, and was not repeated thereafter. Second, the elevation was required to reduce plaintiff's edema, which at that point was +2/3 pitting on both legs up to the knee. The hearing before the ALJ was on October 28, 2004, over three years after the direction was provided. There is nothing to suggest that elevation would be an ongoing requirement past resolving the immediate flare up. Indeed, plaintiff was subsequently provided support hose and given a Lasix pump, which seemed to remedy the problem; the last couple observations in the record found no edema on November 21, 2003, and only a trace of pretibial edema on December 3, 2003. This evidence would not change the ALJ's decision, and remand for further consideration is not required.

Alternatively, plaintiff argues that the record before the ALJ was underdeveloped, particularly because these records were not obtained, and therefore the ALJ failed in its duty to develop the record and a remand is required. *See* 20 C.F.R. 404.1529(c)(2) (2006) ("We must always attempt to obtain objective medical evidence . . . ."). The ALJ did, however, question Mr. Bass extensively about his symptoms and abilities, and there was plenty of objective medical evidence in the record, none of which conflicted. *Cf. Born v. Sec'y of Health & Human Servs.*, 923 F.2d 1168, 1172 (6th Cir. 1990). Additionally, plaintiff was represented at the hearing. *Cf. id.* The ALJ's development of the record was sufficient, and therefore plaintiff's claim fails.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.