NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0349n.06

No. 11-3456

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 02, 2012*

LEONARD GREEN, Clerk

GEORGE J. SMITH,                          )
                                          )
    Plaintiff-Appellant,              )        ON APPEAL FROM THE UNITED
                                          )        STATES DISTRICT COURT FOR
v.                                        )        THE SOUTHERN DISTRICT OF
                                          )        OHIO
COMMISSIONER OF SOCIAL SECURITY,          )
                                          )
    Defendant-Appellee.               )

Before: MARTIN, SUTTON, and KETHLEDGE, Circuit Judges.

PER CURIAM. George J. Smith appeals a district court judgment that affirmed the denial of his application for social security disability insurance benefits. *See* 42 U.S.C. § 405(g).

An administrative law judge (ALJ) conducted a hearing on Smith's application for benefits in 2009. The ALJ found that Smith had not engaged in substantial gainful activity since the onset of his disability in 2005, and that he was insured for disability benefits through September 30, 2008. The ALJ found that Smith had severe impairments consisting of the residual effects of back surgery, degenerative disc disease, and a dysthymic disorder. The ALJ found that Smith could not perform his past relevant work, even though his impairments were not equivalent to any of the impairments that are described in 20 C.F.R. Part 404, Subpart P, Appendix 1. However, the ALJ found that Smith had the residual functional capacity to perform a significant, but limited range of sedentary work. Thus, the ALJ relied on the testimony of a vocational expert to determine that Smith was not disabled because Smith could perform a significant number of jobs in the economy. The ALJ's opinion became the final decision of the Commissioner when the Appeals Council declined to review Smith's appeal.

The district court adopted a magistrate judge's recommendation and affirmed the denial of benefits. It is from this judgment that Smith now appeals.

We will affirm the Commissioner's decision if the decision is supported by substantial evidence in the record. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). When deciding whether there is substantial evidence to support the Commissioner's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

Smith first argues that the ALJ erred by failing to obtain the testimony of a medical advisor at his administrative hearing. He asserts that this testimony was needed to determine whether he was entitled to disability benefits because his condition was equal or equivalent to the "listing" for disorders of the spine that is described in the regulations. *See generally* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04. Smith's attorney raised this issue in his closing remarks at the hearing. At that time, counsel admitted that the record did not contain anything to say that Smith "meets a listing," but counsel also argued that he would not be surprised if a medical expert would say that Smith "might equal one."

The ALJ is required to develop an adequate record and he has a special duty to develop the record when the claimant is proceeding without representation. However, this special duty does not apply here, as Smith was represented by counsel at his administrative hearing. *See Bass*, 499 F.3d at 514; *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001). Smith had the burden of showing that his condition was equivalent to a listed impairment. *See Buress v. Sec'y of Health & Human Servs.*, 835 F.2d 139, 140 (6th Cir. 1987). His attorney's concession at the hearing shows that Smith failed to meet that burden. Moreover, the ALJ cited specific evidence in the record that provides substantial support for his finding that Smith's condition was not equal to a listed impairment. Under these circumstances, the ALJ did not abuse his discretion by failing to obtain the services of a medical advisor at Smith's hearing. *See* 20 C.F.R. § 404.1527(f)(2)(iii).

Smith next argues that the ALJ should have credited his allegations of totally disabling pain. A claimant's testimony may be discounted if it is contradicted by the medical reports and other

evidence in the record. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004). The record shows that Smith does have severe impairments, but the evidence does not support his testimony insofar as he alleged that his limitations exceeded those that were found by the ALJ. The ALJ credited Smith's testimony, in part, by rejecting an agency physician's opinion that he could perform the requirements of light work, as that opinion did not adequately account for Smith's "subjective pain." There is, however, substantial support for the ALJ's finding that Smith was able to perform a limited range of sedentary work, including the report of an independent examiner, Dr. Levy. Hence, there is substantial support for the ALJ's finding that Smith's allegations of totally disabling symptomatology were not fully credible. *See id.*

Finally, Smith argues that there is new evidence that was not available at the time of his hearing that accounts for his subjective complaints of disabling pain. "[E]vidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review." *Foster*, 279 F.3d at 357. Thus, Smith argues that his case should be remanded to the Commissioner for consideration of new evidence under sentence six of § 405(g).

Smith has the burden of showing that a remand is appropriate. *See id.* To meet this burden, he must show that the new evidence is material and that he had good cause for failing to incorporate it in the prior administrative proceeding. *See id.* at 357-58. Smith has not met this burden because the cited evidence involves evaluations that were obtained long after his insured status expired. *See Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 277-78 (6th Cir. 2010); *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). Thus, the cited evidence is not material even if it shows that his condition has deteriorated. *See Ferguson*, 628 F.3d at 277-78; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992). Moreover, Smith did not ask that the administrative record be kept open and he has not established good cause for failing to acquire this evidence in time to present it to the ALJ. *See Bass*, 499 F.3d at 513.

The district court's judgment is affirmed.