**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0414n.06

No. 11-1192

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Apr 16, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| CINDY J. FRY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before:  DAUGHTREY and ROGERS, Circuit Judges; ZOUHARY, District Judge.[*]

PER CURIAM.  Plaintiff-Appellant Cindy J. Fry appeals a district court judgment affirming the denial of her application for social security disability benefits.  *See* 42 U.S.C. § 405(g).  We have jurisdiction under 28 U.S.C. § 1291 and now affirm.

In March 2009, an administrative law judge ("ALJ") conducted a hearing on Fry's claim for disability benefits, finding she had the following severe impairments:  degenerative joint disease of the left knee, drug and alcohol addiction, and a major depressive disorder.  Although these impairments are not equivalent to any of the impairments listed in Appendix 1 of the social security regulations, the ALJ found she could not perform her past work.  However, relying on the testimony of a vocational expert, the ALJ held Fry was not disabled because a significant number of light and

---

[*] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

sedentary jobs were available to her. The ALJ's opinion became the final decision of the Commissioner when the Appeals Council declined further review. *See* 20 C.F.R. § 404.955(b).

Fry filed a timely complaint seeking judicial review under Section 405(g). In January 2011, the district court adopted the magistrate judge's recommendation, affirming the Commissioner's decision to deny benefits. We review *de novo* the district court's conclusion that the ALJ's decision is supported by substantial evidence. *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). As this Court previously held:

> When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Instead, we consider the ALJ's decision determinative if there is such relevant evidence as a reasonable mind might accept as sufficient to support the ALJ's conclusion. The substantial evidence standard is less exacting than the preponderance of evidence standard. If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion.

*Id.* (citations and internal quotations omitted).

Fry does not dispute the ALJ's finding that she retained the functional capacity to perform the exertional demands of light and sedentary work. Instead, she argues the ALJ failed to give adequate deference to the opinion of Dr. Laurence Domino, her treating psychiatrist who indicated Fry's non-exertional impairments prevented her from performing even simple, unskilled tasks without supervision and other unspecified considerations. The opinion of a treating physician may be afforded "controlling weight" if it is consistent with the evidence and supported by sufficient clinical findings. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007). However, an ALJ is not bound by a treating physician's conclusory opinion that a claimant is unable to work,

*Bass*, 499 F.3d at 511, and may even discount the physician's opinion if there is substantial medical evidence to the contrary. *Smith*, 482 F.3d at 877.

Here, the ALJ discounted Dr. Domino's opinion because it was contradicted by objective clinical findings in his treatment notes, as well as by other evidence in the record. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997). The medical evidence in this case, as the ALJ correctly noted, reveals that Fry's impairments are well controlled with therapy and medication. Indeed, Dr. Domino himself repeatedly "noted during the treatment period that [Fry] was stable on her medications with some episodes of anxiety and depression." Moreover, Dr. Domino's opinion was inconsistent with other evidence, including the consulting report of Dr. Dennis Beshara, who reviewed the medical record in 2006 and determined Fry had the residual functional capacity to perform unskilled work. *See Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987) (discounting treating physician's opinion and finding there was substantial evidence supporting the denial of benefits because "other consulting physicians" concluded the claimant was capable of working).

According to Fry, Dr. Beshara's opinion was inadequate because it was based on a review of the record before she began treatment with Dr. Domino. However, the ALJ properly considered Dr. Beshara's report as opinion evidence. *See* 20 C.F.R. § 404.1527(f)(2)(i). The ALJ also considered Fry's treatment from Dr. Domino, even though Dr. Domino's treatment notes, as previously discussed, were inconsistent with his opinion that Fry could not perform simple, unskilled work without supervision.

Fry also argues that while her condition was periodically stable, that fact is insufficient to rebut the evidence of disability. However, "disability" is defined as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last *for a continuous period of not less than 12 months.*" 42 U.S.C. § 423(d)(1)(A) (emphasis added). Moreover, the determination of Fry's residual functional capacity was based on the severity of her "medical and mental impairments" -- a determination made when Fry had the burden of "proving the extent of [her] impairments." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391–92 (6th Cir. 1999). Substantial evidence supports the ALJ's finding that Fry did not meet her burden, given that she was unable to perform simple, unskilled work.

We conclude the ALJ gave sufficient reasons for discounting the opinion of Fry's treating physician. *See Bass*, 499 F.3d at 511–12. Although Dr. Domino's opinions were contradicted by his own treatment notes, as well as by other record evidence, the ALJ did not completely ignore them. Instead, the ALJ gave Dr. Domino's opinions adequate deference by finding Fry had severe impairments that precluded her past work and significantly limited the kind of work she could perform. *Id.* at 512; *Warner*, 375 F.3d at 391–92. At that point, the burden shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy that Fry could perform, her limitations notwithstanding. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984).

While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform specific jobs" is required to meet the burden. *O'Banner v. Sec'y of Health, Educ. & Welfare*, 587 F.2d 321, 323 (6th Cir. 1978). This standard requires more than the ALJ's intuition or conjecture that a claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964.

For this reason, ALJs routinely question vocational experts in an attempt to determine whether a significant number of jobs exist that the claimant can perform, limitations notwithstanding. Such was the case here, where a vocational expert testified that over 13,000 light and sedentary jobs existed in Michigan's lower peninsula that an individual with Fry's residual functional capacity could perform. This testimony satisfied the Commissioner's burden of showing that a significant number of jobs were available to Fry, even if she could not perform her past work. *See Harmon v. Apfel*, 168 F.3d 289, 291–92 (6th Cir. 1999).

Accordingly, substantial evidence in the record supports the ALJ's decision to accord less than controlling weight to Dr. Domino's opinion, as well as the Commissioner's determination that Fry is not entitled to disability benefits. The record contains no evidence supporting the limitations expressed by Dr. Domino and, to the extent Fry's impairments limit her ability to perform work activities, such limitations are adequately accounted for in the ALJ's determination. The judgment is AFFIRMED.