NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0565n.06

No. 11-3585

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JOEL D. CLENDENING,                          )
                                             )
        Plaintiff-Appellant,                 )
                                             )
v.                                           )    ON APPEAL FROM THE UNITED
                                             )    STATES DISTRICT COURT FOR
COMMISSIONER OF SOCIAL SECURITY,             )    THE NORTHERN DISTRICT OF
                                             )    OHIO
        Defendant-Appellee.                  )

┌─────────────────────┐
│       FILED         │
│    May 31, 2012     │
│  LEONARD GREEN, Clerk │
└─────────────────────┘

Before: MARTIN and DAUGHTREY, Circuit Judges; MALONEY, Chief District Judge.*

        PER CURIAM. Joel D. Clendening appeals a district court judgment that affirmed the denial

of his application for social security disability insurance benefits. *See* 42 U.S.C. § 405(g).

        After conducting a hearing, an administrative law judge (ALJ) found that Clendening had not

engaged in substantial gainful activity since the alleged onset of his disability on June 2, 1993, and

that he remained insured for social security disability benefits through March 31, 1999. The ALJ

found that Clendening had the following severe impairments during that period: "status post

arthroscopy and partial medical [*sic*] meniscectomy of the right knee due to torn medial meniscus

in September 1993 and status post arthroscopy, partial medial meniscectomy of the left knee, with

arthroscopically assisted reconstruction of anterior cruciate ligament in February 1997. . . ." The

ALJ noted that Clendening had been diagnosed with degenerative disc disease and Parkinson's

disease several years after his insured status expired. However, the ALJ found that Clendening was

not disabled during the time that he remained insured because he was still able to perform his past

_____

        * The Honorable Paul Lewis Maloney, Chief United States District Judge for the Western
District of Michigan, sitting by designation.

relevant work as a marketing director. The ALJ's opinion became the final decision of the Commissioner when the Appeals Council declined further review.

Clendening then filed a timely complaint seeking judicial review. The district court adopted a magistrate judge's recommendation and affirmed the denial of benefits on March 28, 2011. It is from this judgment that Clendening now appeals.

We will affirm the Commissioner's decision if it is supported by substantial evidence in the record. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). When deciding whether there is substantial evidence to support the Commissioner's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

Clendening had the burden of establishing his residual functional capacity. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 836 (6th Cir. 2006); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391-92 (6th Cir. 1999). The ALJ found that Clendening was able to perform a limited range of light work during the time that he remained insured. Clendening now argues that the ALJ failed to give adequate deference to the opinions of two of his treating physicians, Dr. Kamel Muakkassa and Dr. Leon Rosenberg, who indicated that he was totally disabled.

The opinion of a treating physician should be afforded controlling weight if it is consistent with the other evidence in the record and supported by sufficient clinical and laboratory diagnostic techniques. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007). However, an ALJ is not bound by a physician's conclusory opinion that a claimant is unable to work. *Bass*, 499 F.3d at 511. Moreover, the ALJ may discount the opinion of a treating physician if there is substantial medical evidence to the contrary. *Smith*, 482 F.3d at 877.

Dr. Muakkassa first examined Clendening in 2003, and diagnosed Clendening as suffering from cervical disc disease. Clendening showed some improvement after surgery, but Dr. Muakkassa noted ongoing problems. In September 2006, Dr. Muakkassa reported that he considered Clendening to be "permanently and totally disabled secondary to his cervical myelopathy of his spinal cord." He further opined that Clendening's "disease may have started in the early 1990's."

Clendening was referred to Dr. Rosenberg in January 2004. Dr. Rosenberg diagnosed him with Parkinson's disease, noting that Clendening had indicated "that his medical issues started in approximately May 2003." Dr. Rosenberg confirmed his diagnosis in February 2004, but stated that Clendening "appears to be fully functional at this point." Nevertheless, in October 2006, Dr. Rosenberg stated as follows:

> The patient has been disabled as a result of a number of cervical surgeries and Parkinson's disease back to 1990. He has had persistent pain and functional decline particularly since 1993. I do not feel that there has been any question that the patient has been totally disabled since at least 1993, and partially disabled since 1990.

In discounting these opinions, the ALJ stated that there was no objective evidence in the record to support a conclusion that Clendening was totally disabled prior to March 31, 1999, when his insured status expired. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997). The ALJ noted the reports of Dr. Dennis Glazer, who treated Clendening in 2000. Dr. Glazer cleared Clendening to participate in a golf outing. He also noted that Clendening had injured his elbow "while he was working around the house" and that Clendening had been using a power washer for two days. Under these circumstances, the ALJ provided sufficient reasons for rejecting the opinions of Drs. Muakkassa and Rosenberg that Clendening was totally disabled during the time that he remained insured. *See Bass*, 499 F.3d at 512.

Clendening argues that the ALJ violated Social Security Ruling 83-20 by failing to obtain the assistance of a medical advisor to evaluate his claim. However, that Ruling "applies only when there has been a finding of disability and it is necessary to determine when the disability began." *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997). Clendening's argument is also unpersuasive because the medical record documents treatment that he received during the time that he remained insured. *See McClanahan*, 474 F.3d at 836-37; *Key*, 109 F.3d at 274. The ALJ reviewed the record and found that Clendening had severe impairments that arose from his knee surgeries. Clendening has not pointed to any contemporaneous evidence to show that he had other severe impairments during the

time that he remained insured. Thus, the ALJ acted within his discretion by deciding the case without obtaining the services of a medical advisor.

Clendening argues that the ALJ should have credited his allegations of disabling symptomatology. A claimant's testimony may be discounted if it is contradicted by the medical reports and other evidence in the record. *Warner*, 375 F.3d at 392. The record shows that Clendening does have severe impairments, but it does not support his testimony insofar as he alleged that his limitations during the insured period exceeded those that were found by the ALJ. The ALJ's finding that Clendening was able to perform a limited range of light work is supported by substantial evidence, including Dr. Glazer's notes regarding his activities. Thus, there is substantial support for the ALJ's finding that Clendening's allegations of totally disabling symptomatology were not fully credible. *See id.*

The ALJ concluded that Clendening was not disabled because he was still able to perform his past relevant work as a marketing director. Clendening had the burden of showing that he could no longer perform his past work. *See Walters*, 127 F.3d at 529. The relevant inquiry is whether he could still perform that type of work and not necessarily the specific job that he had in the past. *See Studaway v. Sec'y of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

A vocational expert testified that Clendening's past relevant work as a marketing director was a skilled position that required a light or sedentary level of exertion. The ALJ then asked the vocational expert to consider a hypothetical claimant who was limited to light work that did not require climbing ladders or scaffolds, and that required only occasional kneeling, crouching, crawling, and climbing of ramps or stairs. The vocational expert testified that such a claimant could perform the requirements of Clendening's past relevant work. Thus, there is substantial evidence to support the ALJ's ultimate determination that Clendening was not entitled to social security disability insurance benefits. *See Warner*, 375 F.3d at 392-93; *Walters*, 127 F.3d at 532.

The district court's judgment is affirmed.