**Jessie Milton HARLEY,
Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL
SECURITY, Defendant–
Appellee.**

No. 11–5640.

United States Court of Appeals,
Sixth Circuit.

June 25, 2012.

Before: BATCHELDER, Chief Judge;
GRIFFIN, Circuit Judge; COHN, District
Judge.*

PER CURIAM.

Jessie Milton Harley appeals a district
court judgment that affirmed the denial of
his application for social security disability
benefits and supplemental security income.
*See* 42 U.S.C. § 405(g). We affirm.

After conducting a hearing, an adminis-
trative law judge ("ALJ") found that Har-
ley had not engaged in substantial gainful
activity since the alleged onset of his dis-
ability on January 18, 2006. The ALJ
found that Harley could not perform his
past relevant work because he had a se-
vere impairment which consisted of "a his-
tory of chronic pancreatitis." However,
the ALJ also found that Harley was not
disabled because he was still able to per-
form a full range of light work. *See* 20
C.F.R. §§ 404.1520(g), 416.920(g).

The Appeals Council did not reach the
ALJ's finding regarding Harley's residual
functional capacity. Instead, the Appeals
Council concluded that Harley was not dis-
abled because he did not have a severe
impairment. *See* 20 C.F.R. §§ 404.1520(c),

---

* The Honorable Avern Cohn, Senior United
States District Judge for the Eastern District
of Michigan, sitting by designation.

416.920(c). That opinion became the final decision of the Commissioner.

Harley filed a timely complaint seeking judicial review. The district court rejected a magistrate judge's recommendation and affirmed the denial of benefits.

Harley now argues that the district court did not give sufficient reasons for rejecting parts of the magistrate judge's report. We need not reach this argument because this court conducts an independent review of the Commissioner's decision to deny Harley's claim.

We will affirm the Commissioner's decision if it is supported by substantial evidence. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389 (6th Cir.1999). When deciding whether there is substantial evidence to support the Commissioner's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir.2007). Rather, we determine if there is "such relevant evidence as a reasonable mind might accept" as adequate to support the Commissioner's decision. *Id.*

Harley argues that the Commissioner should have held that he was disabled by the symptoms of his chronic pancreatitis. Harley had the burden of showing that he had a severe impairment that met the twelve-month duration requirement. *See Her*, 203 F.3d at 391; *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir.1988). To meet this burden, he must show that he has an impairment that has lasted or is expected to last for a continuous period of at least twelve months and that his impairment has significantly limited his ability to do basic work activities. *See* 20 C.F.R. §§ 404.1509, 404.1521, 416.909, 416.921. The phrase "basic work activities" is defined as follows:

(b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include—

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521(b), 416.921(b). There is substantial support for the Commissioner's finding that Harley failed to meet his burden to show that he was significantly limited in his ability to perform these types of activities.

Harley argues that the Commissioner should have credited the opinion of his treating physician, Dr. Thomas Crain, who reported that Harley's pancreatitis caused him "to have physical limitations even while on medication." Dr. Crain stated that Harley's condition could be exacerbated by stress or exertion causing abdominal pain, cramping, nausea, and diarrhea. He also stated that "Harley would need to take rest periods throughout the day, if he felt the symptoms coming on and, depending on the severity of the symptoms, would need to lie down for a period of time or leave work for the rest of the day." Thus, Dr. Crain opined that Harley was "disabled for substantial gainful employment."

The opinion of a treating physician should be afforded "substantial, if not controlling, deference" if it is consistent with the evidence and supported by sufficient clinical findings. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir.2004). However, an ALJ is not bound by a physi-

cian's conclusory opinion that a claimant is unable to work. *Bass,* 499 F.3d at 511. Moreover, the ALJ may discount the opinion of a treating physician if there is substantial medical evidence to the contrary. *Warner,* 375 F.3d at 391.

In discounting Dr. Crain's opinion, the Appeals Council noted evidence that indicated Harley's symptoms were controlled. It also cited the consulting report of Dr. Monte Martin, who examined Harley in May 2006 and reported as follows:

> I found no physical exam evidence of limitation nor [is there] any evidence of acute pancreatitis or any evidence of an inflamed liver. This patient does not show evidence of chronic weight loss or chronic diarrhea relating to his gallbladder being removed either. He is currently on appropriate medications for the chronic pancreatitis and seems to be following his doctor recommendations. I do not find any limitations from my exams today.

Under these circumstances, we conclude that the Appeals Council gave sufficient reasons for rejecting Dr. Crain's opinion that Harley was totally disabled. *See Bass,* 499 F.3d at 511–12; *Warner,* 375 F.3d at 391.

Harley argues that the Appeals Council should have credited his testimony that pancreatitis significantly impacts his ability to work. A claimant's testimony may be discounted if it is contradicted by the medical reports and other evidence in the record. *Warner,* 375 F.3d at 392. While the medical record shows that Harley had various medical conditions, including pancreatitis, it does not specifically support his assertion that his ability to perform work-related activities was significantly limited for a continuous period of at least twelve months. Dr. Martin's report contradicts Harley's testimony in this regard. The Appeals Council also noted the report of Dr. Laura Cutler, who examined the record and determined that Harley did not have a severe mental or emotional impairment. Hence, there was substantial evidence to support a finding that Harley's testimony was not fully credible. *See id.; Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531–32 (6th Cir.1997).

Finally, Harley argues that the Social Security regulations are arbitrary and capricious because adjudicators could come to differing conclusions as to whether an impairment is severe. This argument is unavailing in light of the Supreme Court's holding that "both the language of the [Social Security] Act and its legislative history support the Secretary's decision to require disability claimants to make a threshold showing that their 'medically determinable' impairments are severe enough to satisfy the regulatory standards." *Bowen v. Yuckert,* 482 U.S. 137, 145, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

Accordingly, the district court's judgment is affirmed.