**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0640n.06

No. 12-2472

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

SAMANTHA CULP,                                              )
                                                           )
      Plaintiff-Appellant,                              )
                                                           )
v.                                                         )
                                                           )   ON APPEAL FROM THE
COMMISSIONER OF SOCIAL SECURITY,                           )   UNITED STATES DISTRICT
                                                           )   COURT FOR THE WESTERN
      Defendant-Appellee.                               )   DISTRICT OF MICHIGAN
                                                           )

**FILED**
*Jul 10, 2013*
DEBORAH S. HUNT, Clerk

BEFORE: BATCHELDER, Chief Judge; COOK and O'MALLEY, Circuit Judges.[*]

PER CURIAM. Samantha Culp appeals the district court's judgment affirming the denial of her applications for disability insurance benefits and supplemental security income benefits.

In 2007, Culp filed applications for disability insurance benefits and supplemental security income benefits, alleging that she became disabled on February 1, 1999. After the Social Security Administration denied the applications, Culp requested a hearing before an administrative law judge (ALJ). The ALJ determined that Culp was not disabled, and the Appeals Council declined to review the case. The district court affirmed the denial of benefits.

On appeal, Culp argues that the ALJ's decision was not supported by substantial evidence because, in assessing her mental limitations, the ALJ unreasonably credited the opinion of a

---

[*]The Honorable Kathleen M. O'Malley, Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

reviewing physician, while giving little weight to the opinions of a peer support counselor and consulting physician. Culp also argues that the ALJ failed to fully develop the record by obtaining a mental residual functional capacity (RFC) assessment. "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (internal quotation marks omitted). "We give de novo review to the district court's conclusions on each issue." *Id.*

Culp first argues that the ALJ's decision is not supported by substantial evidence because, in assessing her mental limitations, the ALJ unreasonably credited the opinion of Dr. Bruce Douglass, a reviewing physician, while discounting the opinions of both Judy Orta, a peer support counselor, and Dr. J. Keith Ostien, a consulting physician. The ALJ reasonably gave great weight to Dr. Douglass's determination that Culp was, at most, moderately limited in her work-related mental functioning because Douglass's opinion was consistent with the medical evidence in the record and was the only medical opinion that directly addressed Culp's work-related mental functioning. Further, despite Culp's argument to the contrary, the record does not reflect that the ALJ discounted Dr. Ostien's evaluation. Rather, the ALJ explicitly discussed it and determined that it did not undermine the conclusions made by Dr. Douglass in his mental RFC assessment. Finally, the ALJ reasonably gave limited weight to the testimony and adult function report of Ms. Orta because Orta is a peer support counselor, not a doctor or therapist, and her conclusion that Culp is

disabled is a determination reserved to the Commissioner. *See Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007).

Culp also argues that the ALJ failed to fully develop the record by obtaining a mental RFC assessment. Given that the record contained a considerable amount of evidence pertaining to Culp's mental limitations and that Dr. Douglass had completed a mental RFC assessment in March 2008, the ALJ did not abuse her discretion by declining to obtain an additional assessment. *See* 20 C.F.R. § 404.1519a; *Foster v. Halter*, 279 F.3d 348, 355-56 (6th Cir. 2001). In addition, the ALJ did not have a special duty to develop the record because Culp was represented by counsel. *See Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 856 (6th Cir. 1986).

Accordingly, we AFFIRM the district court's judgment.