NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0810n.06

No. 15-1231

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 10, 2015
DEBORAH S. HUNT, Clerk

GARY T. MCNAMARA, )
)
    Plaintiff-Appellant, ) ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR
v. ) THE WESTERN DISTRICT OF
) MICHIGAN
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant-Appellee. )

BEFORE: BATCHELDER and GRIFFIN, Circuit Judges; CARR, District Judge.[*]

PER CURIAM. Gary T. McNamara appeals the district court's judgment affirming the denial of his application for supplemental security income benefits.

In 2008, McNamara filed an application for supplemental security income benefits, alleging that he became disabled on May 12, 1963. After the Social Security Administration denied the application, McNamara requested a hearing before an administrative law judge (ALJ). The ALJ denied McNamara relief, and the Appeals Council declined to review the case. The district court affirmed the denial of McNamara's application.

On appeal, McNamara argues that the ALJ erred by discounting the medical opinions of a nurse practitioner and his treating physician because the opinions were supported by the objective medical evidence in the record. "Our review of the ALJ's decision is limited to

_____

[*] The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Id.* at 406 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). "We give de novo review to the district court's conclusions on each issue." *Id.*

McNamara first argues that the ALJ erred by giving no weight to the opinion of Carol Salisbury, a nurse practitioner. Salisbury wrote a letter stating that degenerative changes to McNamara's cervical spine resulted in pain, a decrease in strength, and tingling and loss of sensation in his left arm and hand. Salisbury concluded that it would be advisable to place McNamara on short-term disability until he could have corrective surgery, but she noted that his lack of insurance would likely prevent the surgery from occurring.

A nurse practitioner is not an "acceptable medical source" under the applicable regulations, but rather falls into the category of "other sources." *See* 20 C.F.R. § 416.913(d)(1). Nevertheless, an ALJ may consider an opinion from a nurse practitioner when determining the severity of a claimant's impairments and the individual's ability to function. *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007). In evaluating such an opinion, the ALJ should consider the length of the treating relationship, the consistency of the opinion with other evidence, and how well the source explains the opinion. *Id.*

Substantial evidence supports the ALJ's decision to give no weight to Salisbury's opinion. Her conclusion that McNamara is disabled is a determination reserved to the Commissioner. *See* 20 C.F.R. § 416.927(d)(1); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007). In addition, although Salisbury noted that the degenerative changes to McNamara's

cervical spine caused some physical impairment, she failed to specifically explain how the impairment would preclude McNamara from working. And the treatment notes and objective evidence in the record did not show that McNamara would be unable to perform the limited range of light work identified by the ALJ.

McNamara also argues that the ALJ erred by giving little weight to the medical opinion of his treating physician, Dr. Peter Gulick. Dr. Gulick, who completed a portion of a physical residual functional capacity questionnaire, concluded that McNamara's symptoms would frequently interfere with his attention and concentration and that he would likely miss more than four days of work per month because of his impairments and treatment. However, Dr. Gulick did not identify whether McNamara's condition limited his ability to sit, stand, walk, or perform other functional work activities.

A medical opinion from a treating source must be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 416.927(c)(2); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). If an opinion from a treating source is not given controlling weight, the ALJ must weigh it based on all relevant factors, including the nature of the treatment relationship, the specialization of the medical source, and the consistency and supportability of the opinion. 20 C.F.R. § 416.927(c); *Gayheart*, 710 F.3d at 376.

Substantial evidence supports the ALJ's decision to give little weight to Dr. Gulick's medical opinion. There was no evidence showing that McNamara's symptoms caused him significant problems with attention and concentration. Further, Dr. Gulick did not indicate that McNamara had any physical limitations. He failed to explain his conclusion that McNamara's

impairments and treatment would cause him to miss work frequently, and the medical evidence in the record did not support such a conclusion.

Accordingly, we affirm the district court's judgment.