NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0319n.06

No. 15-2418

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Jun 10, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SOULETTE KATRENE COSMA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: GIBBONS, GRIFFIN, and DONALD, Circuit Judges.

PER CURIAM. Soulette Katrene Cosma ("Cosma") appeals the district court's judgment affirming the denial of her application for supplemental security income benefits.

Cosma filed an application for supplemental security income benefits, alleging that she became disabled on October 14, 2010. After the Social Security Administration denied the application, Cosma requested a hearing before an administrative law judge (ALJ). The ALJ denied Cosma relief. The Appeals Council declined to review the case, and the district court affirmed the denial of Cosma's application.

On appeal, Cosma argues that the ALJ failed to properly weigh the medical opinion evidence and that the ALJ misrepresented the record and ignored relevant evidence when determining her residual functional capacity (RFC). "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405–

06 (6th Cir. 2009). Substantial evidence exists "if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Id.* at 406 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). We review *de novo* the district court's conclusions on each issue. *Id.*

Cosma first argues that the ALJ erred by giving little or no weight to the following medical opinions: (1) the opinion of her treating physician, Dr. Patricia Dhar, who concluded that Cosma is permanently and totally disabled; (2) the opinion of Dr. Terrance Mills, an examining psychologist, who concluded that Cosma was unable to work because of her mood swings, psychosis, depressive issues, and medical problems; and (3) the opinion of Dr. Essam Montasir, an examining physician, who concluded that Cosma would have significant difficulty working due to fatigue and osteoporosis.

A medical opinion from a treating source must be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). An ALJ must provide "good reasons" for discounting the opinion of a treating source. *Id.* The stated reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* (quoting Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)). If a treating-source opinion is not given controlling weight, the ALJ must weigh all of the medical opinions based on all relevant factors, including the nature of the treatment relationship, the specialization of the medical source, and the consistency and supportability of the opinion. *Id.*

Substantial evidence supports the manner in which the ALJ weighed the medical opinions at issue. The ALJ reasonably gave no weight to Dr. Dhar's opinion because her conclusion that Cosma is totally disabled is a determination reserved to the Commissioner, *see* 20 C.F.R. § 416.927(d)(1); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007), and her conclusion that Cosma is unable to work directly conflicted with the objective medical evidence in the record, including Dr. Dhar's own treatment notes, which generally showed that Cosma did not have disabling functional impairments. It was also reasonable for the ALJ to give no weight to Dr. Mills's opinion because it was based primarily on Cosma's subjective complaints. *See Stiltner v. Comm'r of Soc. Sec.*, 244 F. App'x 685, 689 (6th Cir. 2007). Finally, the ALJ reasonably gave little weight to Dr. Montasir's opinion because the objective medical evidence did not support the severity of his proposed limitations.

Cosma also argues that the ALJ's assessment of her RFC is not supported by substantial evidence because, in making the assessment, the ALJ misrepresented the record and ignored relevant evidence. Substantial evidence supports the ALJ's RFC assessment, however, because it is consistent with both the objective medical evidence and the medical opinion evidence that the ALJ deemed credible, and the record reflects that the ALJ considered and accurately recounted the relevant evidence.

Accordingly, we **AFFIRM** the district court's judgment.