**Carol KENNEDY, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 03–1276.**

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2003.

Lawrence W. Sperling, Pear, Sperling, Eggan & Muskovitz, Ypsilanti, MI, for Plaintiff-Appellant.

Robert W. Haviland, Asst. U.S. Attorney, Flint, MI, Kimberly S. Cromer, Assistant Regional Counsel, Chicago, IL, for Defendant-Appellee.

Before BATCHELDER and SUTTON, Circuit Judges; and BELL, District Judge.*

## ORDER

Carol Kennedy, a Michigan resident represented by counsel, appeals a district court judgment affirming the Commissioner's denial of her application for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kennedy filed an application for social security disability insurance benefits on December 23, 1996. Kennedy alleged that she was disabled due to right shoulder pain secondary to recurrent tears of the rotator cuff and headaches. After a hearing, an administrative law judge (ALJ) found that Kennedy could perform her past relevant work as a clerk-typist, data entry clerk, and receptionist. Therefore, the ALJ denied benefits. The Appeals Council declined to review the ALJ's decision. Kennedy then filed a civil action seeking judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner. It is from the district court's judgment that Kennedy now appeals.

 Upon review, we conclude that the Commissioner's decision is supported by substantial evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

Initially, it is clarified that the Commissioner's decision was reached at the fourth step of the five-step approach in determining eligibility for benefits. *See* 20 C.F.R. § 404.1520. The first and second steps are not in issue, i.e., the claimant is not gainfully employed and she is severely impaired. Kennedy remarks in a footnote in her brief that she believes her impairment meets or satisfies listing 1.13 of 20 C.F.R. Part 404, Subpart P, Appendix 1. In addition, at the fourth step, the claimant has the burden of showing that she is unable to perform her previous type of work. *See Studaway v. Sec'y of Health & Human*

---

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

*Servs.*, 815 F.2d 1074, 1076 (6th Cir.1987). The Commissioner's decision is supported by substantial evidence.

■ In footnote five of her brief, Kennedy simply states that she believes that her surgeries meet listing 1.13 of Appendix 1. Kennedy states that she is not briefing the issue, but requests that this argument be considered by the court. However, issues which are "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir.1996). As Kennedy failed to provide any explanation as to why she feels that her surgeries meet or equal listing 1.13 of Appendix 1, the argument is deemed waived. *Id.*

Kennedy contends that the Commissioner's decision is not supported by substantial evidence. Kennedy argues that she has undergone four torn-rotator-cuff surgeries, suffers from headaches, and is required to take extensive pain medication for her conditions. Kennedy argues that the Commissioner did not properly assess her complaints of pain. Kennedy states that her pain has caused her to be disabled from gainful employment, including her past relevant work. The ALJ is not required to accept a claimant's own testimony regarding allegations of disabling pain when such testimony is not supported by the record. *See Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir.1987). In evaluating Kennedy's allegations of disabling pain, the ALJ found several inconsistencies between Kennedy's testimony and the evidence. Kennedy testified that she was so disabled that she could not even lift a tea cup with her right hand. However, Kennedy's activities do not support this limitation. Kennedy reported being able to drive and do housework. As late as April 1998, Kennedy reported making preparations for a family

gathering which included such duties as shopping, cooking, and cleaning. Furthermore, Kennedy had traveled to Canada, Cleveland, Myrtle Beach, and Texas despite her allegations of pain. An ALJ may consider a claimant's household and social activities in evaluating allegations of pain. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir.1997); *Gist v. Sec'y of Health & Human Servs.*, 736 F.2d 352, 358 (6th Cir.1984).

In addition to considering Kennedy's testimony, the ALJ also evaluated Kennedy's treatment history. The ALJ acknowledged that Kennedy underwent four surgical procedures for a torn rotator cuff. The ALJ recognized that the procedures reflected an individual with a limiting impairment. Medical notes indicated that after her second surgery, doctors recommended that Kennedy do nothing and simply live with her shoulder pain. Further, Dr. Heinrich indicated that Kennedy tended to prefer surgical intervention over behavioral solutions to her condition. Kennedy followed non-surgical treatment solutions in a half-hearted manner. Given the medical evidence and Kennedy's activities, the ALJ did nor err in concluding that Kennedy was not disabled due to pain.

■ Kennedy also asserts that her four surgeries establish that she was entitled to a closed period of disability. However, the ALJ declined to award Kennedy a closed period of disability because the evidence did not show a continuing twelve month period when she was unable to perform her previous type of work. *See Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir.1990). Although Kennedy would require a period of recovery following surgery, the record shows that, within months of each respective surgery, Kennedy felt well enough to engage in activities that actually jeopardized her surgical results. In fact, within three weeks of her initial surgery, she felt

well enough to travel to Texas. Within several months of her last surgery, she went swimming in the waves of Myrtle Beach. In light of this evidence, Kennedy does not present a credible argument that the ALJ erred in not granting her a closed period of disability.

■ Kennedy contends that the testimony of the vocational expert was inadequate to support the ALJ's decision. Kennedy contends that the hypothetical question posed to the vocational expert did not include all her limitations. The ALJ credited only those restrictions which were supported by the record as a whole and rejected the unsupported allegations. The vocational expert testified that Kennedy's past work as a clerk-typist, data entry clerk, and receptionist was sedentary and semiskilled work. There is no evidence contradicting this testimony and the ALJ found that Kennedy could perform her past work. Because the vocational expert's testimony was in response to a hypothetical question that accurately reflected Kennedy's impairments, the ALJ could rely on the conclusions of the vocational expert to find that Kennedy could perform her past relevant work. *Felisky v. Bowen*, 35 F.3d 1027, 1036–41 (6th Cir. 1994). Therefore, as the testimony of the vocational expert shows that Kennedy could perform her past relevant work, the decision of the Commissioner is supported by substantial evidence.

Accordingly, we affirm the district court's judgment.