**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 16a0253n.06

Case No. 15-4076

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 10, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DEBORAH TURK, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: GUY, BATCHELDER, and COOK, Circuit Judges.

COOK, Circuit Judge. Deborah Turk appeals from the district court's decision upholding the Social Security Administration (SSA)'s denial of her application for disability insurance benefits (DIB) and supplemental security income payments (SSI). Turk claims the administrative law judge (ALJ) erred in according non-controlling weight to her treating physician's opinion and in denying Turk benefits for a closed period of disability. Disagreeing, we AFFIRM.

**I.**

Turk applied for DIB and SSI in 2011, alleging an onset of disability on March 31, 2005. After the SSA denied her applications initially and on reconsideration, Turk requested a hearing before an ALJ.

In her decision, the ALJ evaluated Turk's disability-benefits claim under the five steps required by 20 C.F.R. §§ 404.1520 and 416.920. At step one, she found that Turk engaged in no substantial gainful activity since the alleged onset date. At step two, the ALJ concluded that Turk suffered from several severe impairments: degenerative disk and joint disease, early spondylosis, hypertension, depression, anxiety, obesity, and migraines. Applying step three, the ALJ found that none of Turk's impairments individually or in combination met those listed in 20 C.F.R. Part 404, Subpart P, App'x 1. Pivoting to steps four and five, the ALJ evaluated Turk's medical records and several opinions by treating and non-treating physicians. She determined that Turk possessed a residual functional capacity (RFC) to perform sedentary work with restrictions: a sit/stand option; limits on environmental conditions; and restrictions on kneeling, climbing, crouching, stooping, and crawling. Based on this RFC, the ALJ found Turk unable to perform past relevant work, but relied on the testimony of a vocational expert in concluding that she could perform jobs existing in significant numbers in the national economy from the alleged onset date until June 23, 2012. But due to a stroke, and Turk's changing age categories, the ALJ found her disabled as of that date. Accordingly, the ALJ granted SSI beginning on June 23, 2012, but denied DIB for failure to establish disability before September 28, 2008, Turk's date last insured.

Turk appealed the partial denial of benefits, and the Appeals Council declined review. The district court subsequently upheld the ALJ's decision.

## II.

We review the district court's decision de novo, *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009) (citing *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005)), but disturb the ALJ's disability determination only if she applied incorrect legal

standards or made findings of fact unsupported by substantial evidence. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(g)). Substantial evidence means "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008)). If substantial evidence supports the ALJ's decision, then reversal is unwarranted even if substantial evidence backs the opposite conclusion. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citing *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005)).

On appeal, Turk argues the ALJ: (1) failed to give controlling weight to the opinion of her treating physician, Dr. Julie Bryan; and (2) erred in denying Turk benefits for at least a closed period of disability between March 31, 2005, and February 25, 2009.

## A. Treating Physician's Opinion

The SSA assigns a treating physician's opinion controlling weight only if it is well-supported by sufficient clinical findings and consistent with other substantial evidence in the record. 20 C.F.R. 404.1527(c)(2); *see also Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006) (en banc) (quoting *Bogle v. Sullivan*, 998 F.2d 342, 347–48 (6th Cir. 1993)). The SSA promises claimants that it "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion." 20 C.F.R. 404.1527(c)(2).

In a March 22, 2009 letter, Dr. Bryan listed Turk's medical limitations. She described headaches and "surgically [un]treatable" chronic back pain. She stated that Turk's medications for "debilitating pains" inhibit Turk's ability to "drive or to function at a regular job as far as

physically she would not [be] able to stand more than about five minutes" or sit for more than half an hour. Moreover, Turk "would not be able to lift or carry or handle objects for any length of time." Dr. Bryan further explained that Turk's "concentration is very limited," and she is unable to "adapt [to] new situations." Dr. Bryan therefore concluded that Turk could not "return to work in the future."

The ALJ accorded "little weight" to Dr. Bryan's opinion, and substantial evidence supports that decision. First, the ALJ properly discounted Dr. Bryan's statements regarding Turk's inability to work as encroaching on issues expressly reserved to the SSA. *See* 20 C.F.R. § 404.1527(d); *see also Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014) ("[T]he determination of a claimant's RFC is a matter for the ALJ alone—not a treating or examining doctor—to decide."); *Bass*, 499 F.3d at 511 ("[N]o 'special significance' will be given to opinions of disability, even if they come from a treating physician.").

Second, the ALJ found the severe functional limitations Dr. Bryan assigned to Turk inconsistent with the objective medical evidence. Considering Turk's headaches and hypertension, the ALJ noted unremarkable brain MRAs in 2003 and 2005, an unremarkable MRI in 2007, and normal CT scans of the head in 2005. Discussing Turk's orthopedic conditions, the ALJ cited tests in 2004, 2006, 2010, and 2011 diagnosing only mild to moderate degenerative changes in the spine, and she remarked that pain medications and spinal injections alleviated Turk's symptoms. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (upholding the ALJ's non-disability determination because objective medical tests revealed only mild degenerative spinal changes); *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 854 (6th Cir. 1986) (same).

Finally, the ALJ found that the record belied Dr. Bryan's assertion that Turk was unable to "carry or handle objects for any length of time." Although Turk points to one instance in 2005 when she complained of arm pain, tests by a consulting physician in 2011 revealed that Turk possessed normal grip and handling ability. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 550 (6th Cir. 2014) (finding no error in the ALJ's decision to favor a non-treating physician's opinion over a treating physician's opinion where substantial evidence supported the former); *Turner v. Comm'r of Soc. Sec.*, 267 F. App'x 456, 460–61 (6th Cir. 2008) (same).

Even so, the ALJ accommodated the impairments discussed by Dr. Bryan in Turk's RFC, discounting only the severity of the functional limitations Dr. Bryan described. *See Ford v. Comm'r of Soc. Sec.*, 114 F. App'x 194, 197 (6th Cir. 2004) (affirming the denial of benefits where the ALJ "accommodated [the claimant's] back and leg limitations in his functional capacity assessment"). Substantial evidence supports the ALJ's decision to give Dr. Bryan's assessment little weight.

## B. Closed Period of Disability

Turk next contends the ALJ erred in declining to award at least a closed period of disability between March 31, 2005, and February 25, 2009, when Turk suffered from coccydynia (tailbone pain). A claimant no longer qualifying as disabled may be entitled to benefits if she previously suffered a disability for a continuing, twelve-month period. *See Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003); *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 110 (6th Cir. 1989).

Substantial evidence buttresses the ALJ's conclusion that Turk's coccydynia—in combination with her other impairments—did not render Turk unable to work. The ALJ discussed the tailbone condition, identifying x-rays taken on March 27, 2006 showing mild

displacement of coccygeal segments by a few millimeters, but observed that x-rays on February 25, 2009 revealed a normal coccyx and sacrum. The ALJ found these minor degenerative changes unlikely to produce such debilitating pain as to foreclose sedentary work. *See Crouch v. Sec'y of Health & Human Servs.*, 909 F.2d 852, 857 (6th Cir. 1990) ("We find that the absence of any significant neurological deficits and atrophy supports the Secretary's conclusion that claimant's allegation of severe disabling pain due to lower back disorder is not confirmed by the objective medical evidence."). Indeed, our review of the record discovers only sporadic back pain ameliorated by pain medication and spinal injections. *See Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 800 n.3 (6th Cir. 2004) ("The ALJ is permitted to consider the effectiveness of medication used to control pain and other symptoms associated with a claimant's impairments." (citing 20 C.F.R. § 404.1529(c)(3)(iv))).

And again, the ALJ accommodated Turk's tailbone pain in the RFC by incorporating a host of physical restrictions, including a sit/stand option. When presented with this RFC, the vocational expert opined that Turk could perform sedentary jobs existing in significant numbers in the economy, and Turk declines to challenge that testimony. Thus, substantial evidence backs the ALJ's decision to deny Turk a closed period of disability benefits.

## III.

For these reasons, we AFFIRM.