NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0571n.06

No. 16-1195

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 17, 2016
DEBORAH S. HUNT, Clerk

JOE DUTKIEWICZ                                )
                                              )
    Plaintiff-Appellant,                      )   ON APPEAL FROM THE UNITED
                                              )   STATES DISTRICT COURT FOR
v.                                            )   THE WESTERN DISTRICT OF
                                              )   MICHIGAN
COMMISSIONER OF SOCIAL SECURITY,              )
                                              )
    Defendant-Appellee.                       )

BEFORE: GUY, BOGGS, and GRIFFIN, Circuit Judges.

PER CURIAM. Joe Dutkiewicz appeals the district court's judgment affirming the denial of his application for disability insurance benefits.

In 2012, Dutkiewicz filed an application for disability insurance benefits, alleging that he became disabled on January 25, 2012. After the Social Security Administration denied the application, Dutkiewicz requested a hearing before an administrative law judge (ALJ). The ALJ denied Dutkiewicz relief. The Appeals Council declined to review the case. The district court affirmed the denial of Dutkiewicz's application.

On appeal, Dutkiewicz raises the following arguments: (1) the ALJ erred by failing to consider the medical opinion of a treating specialist and give it controlling weight; (2) the ALJ failed to properly consider his obesity when determining whether he is disabled; (3) the ALJ erred by failing to find him disabled during a closed period between his alleged onset date and

August 2013; (4) there was inadequate support for the ALJ's determination that he could perform sedentary work; and (5) the ALJ erred by failing to consider his work history when evaluating his credibility.

"Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence exists if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (citation omitted). We review de novo the district court's conclusions on each issue. *Id.*

Dutkiewicz first argues that the ALJ erred by failing to consider the medical opinion of Dr. Michael Kolinski, a treating pain management specialist, and give it controlling weight. Dr. Kolinski opined that Dutkiewicz was "unable to work due to the [nature] of his pain and co-morbidities." A medical opinion from a treating source must be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)(2)). An ALJ must provide "good reasons" for discounting the opinion of a treating source. *Id.* The stated reasons must be supported by the evidence in the record and sufficiently specific to make clear to subsequent reviewers the weight the ALJ gave to the opinion and the reasons for that weight. *Id.*

Dr. Kolinski's determination that Dutkiewicz is "unable to work" is not a medical opinion that may be given controlling weight because it is an opinion on an issue reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1), (3); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007). Nevertheless, even where controlling weight will not be accorded because a treating source's opinion relates to an issue reserved to the Commissioner, an ALJ still must "explain the

consideration given to the treating source's opinion(s)." *Bass*, 499 F.3d at 511 (quoting SSR 96-5p, 61 Fed. Reg. 34471, 34474 (July 2, 1996)). But the ALJ's failure to explicitly consider Dr. Kolinski's opinion was, at most, harmless error because the ALJ indirectly rejected the conclusion that Dutkiewicz was unable to work by reasonably explaining that the majority of medical evidence, the nature of Dutkiewicz's treatment, and the other medical opinions in the record showed that Dutkiewicz had the capacity to perform a limited range of sedentary work. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 440–41 (6th Cir. 2010).

Dutkiewicz next argues that the ALJ failed to give proper consideration to his obesity when determining whether he is disabled. The record reflects, however, that the ALJ explicitly considered Dutkiewicz's obesity when determining whether he had severe impairments, whether he met any of the regulatory listings, and whether he could perform his past relevant work. And the ALJ adequately explained that, although Dutkiewicz's obesity adversely affected his functional capacity, it was insufficient, when considered in combination with his other impairments, to establish disability. Thus, the ALJ fulfilled his obligation to consider Dutkiewicz's obesity, in combination with his other impairments, throughout the disability evaluation process. *See id.* at 442–43; *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009).

Dutkiewicz next argues that the ALJ erred by failing to find him disabled during a closed period between his alleged onset date in January 2012 and August 2013. "A claimant no longer qualifying as disabled may be entitled to benefits if she previously suffered a disability for a continuing, twelve-month period." *Turk v. Comm'r of Soc. Sec.*, 647 F. App'x 638, 641 (6th Cir. 2016).

Substantial evidence supports the ALJ's implicit determination that Dutkiewicz was not disabled for a continuing twelve-month period during the relevant time. For instance, the ALJ credited the medical opinions of both reviewing physician Shanthini Daniel, who determined that Dutkiewicz was not disabled as of November 2012, and reviewing physician Lisa Mani, who affirmed Dr. Daniel's determination in January 2013. The ALJ could reasonably rely on those opinions because they were consistent with the evidence in the record and not contradicted by other credible medical opinion evidence. And given the ALJ's determination that Dutkiewicz retained the capacity to work in November 2012 and January 2013, Dutkiewicz cannot show that he was disabled during any twelve-month period between January 2012 and August 2013.

Dutkiewicz next argues that there was inadequate support for the ALJ's determination that he could perform sedentary work because the evidence showed that he was unable to both receive the steroid injections that he needed to control his back pain while sitting and take the anticoagulant that he needed to prevent him from getting blood clots while sitting. The ALJ's determination that Dutkiewicz could perform a limited range of sedentary work is supported by substantial evidence, however, given that Dr. Daniel concluded that Dutkiewicz could perform sedentary work despite his back pain and blood clotting issues and given the other medical evidence showing that Dutkiewicz could effectively manage his back pain without steroid injections through the use of medication and other forms of treatment. The ALJ specifically found that Dutkiewicz was doing well with medications, which did not include the steroid injections, and that his remaining back and knee pain did not "cause more than minimal limitation in ability to perform basic work activities."

Finally, Dutkiewicz argues that the ALJ erred by failing to consider his consistent and arduous work history when evaluating his credibility. We accord great weight and deference to

an ALJ's credibility finding, but such a finding must be supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The ALJ was not required to explicitly discuss Dutkiewicz's work history when assessing his credibility, and the ALJ's determination that Dutkiewicz's testimony was not fully credible is supported by substantial evidence because Dutkiewicz's claim that he suffered from severe pain and had disabling functional limitations was at odds with the medical and work-history evidence in the record, as considered by the ALJ.

Accordingly, we **AFFIRM** the district court's judgment.