NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0442n.06

No. 20-3039

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ROGER A. BEERY, | ) | **FILED** |
|  | ) | Jul 30, 2020 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
|  | ) | THE NORTHERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) | OHIO |
|  | ) |  |
| Defendant-Appellee. | ) |  |

BEFORE: GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

PER CURIAM. Roger A. Beery, through counsel, appeals the district court's judgment affirming the Commissioner of Social Security's decision denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423.

In March 2015, Beery presented to the emergency room complaining of persistent midthoracic back pain. Imaging studies revealed osteomyelitis (inflammation of the bone caused by an infection) at the T8-9 level, with possible destruction of the T8-9 vertebral bodies, and mild spinal cord compression from T7 to T10. Beery subsequently underwent decompression surgery with spinal fusion and hardware placement, followed by physical and occupational therapy. The record reflects that Beery had a complicated post-surgery recovery period, which included several falls and multiple visits to the emergency room with complaints of back pain.

Later that year, Beery filed an application for disability insurance benefits based on impairments of spinal cord injury, epidural abscess, paraparesis (partial paralysis of the legs),

protein deficiency, anxiety, and depression. Beery's application was denied initially and upon reconsideration. He requested and received an evidentiary hearing before an administrative law judge (ALJ).

As part of the medical evaluation process, Dr. Herbert Grodner, a state-agency physician, performed a consultative examination of Beery and provided a report to the ALJ. Based on his examination of Beery, Dr. Grodner concluded that:

> This gentleman requires an ambulatory aid, has an unsteady gait. He has fallen recently. He is on anticoagulation, which makes him at increased risk for bleeding secondary to trauma. Since he has fallen, he is even at more risk. He would have difficulty with activities such as prolonged lifting, carrying, pushing, pulling, and walking. Fine motor skills are intact. He does have some numbness in the 4th and 5th fingers of his left hand, but he is right-hand dominant and performs most activities with his right hand. He has a very unsteady gait and has significant decreased range of motion of both the lumbar spine and the thoracic spine.

> Due to the claimant's difficulty in walking and need for an ambulatory aid and history of falling, also his history of being on chronic anticoagulation putting him at increased risk of trauma, and significant pain requiring narcotics, it is my opinion that this gentleman would have difficulty performing basic work-related activities.

The ALJ found that Beery had severe impairments of osteomyelitis; degenerative disc disease and degenerative joint disease of the spine, status post thoracic laminectomy/fusion; obesity; deep vein thrombosis; diverticulosis; diabetes mellitus; depressive disorder; and anxiety disorder. The ALJ found that these impairments, whether considered individually or collectively, did not meet or equal a listed impairment. The ALJ then found that Beery had the physical residual functional capacity (RFC) to perform a limited range of work at the sedentary level of exertion. The ALJ concluded that Beery could sit for fifteen minutes at a time, after which he needed to stand or walk for two or three minutes; that he could occasionally climb ramps and stairs, stoop, kneel, crouch, and craw; that Beery could never climb ropes, ladders, or scaffolds, or work around unprotected heights; that Beery needed a cane for balance; and, finally, that he could frequently

use his hands for fingering and handling. In arriving at this RFC, the ALJ gave no weight to Dr. Grodner's opinion that Beery "would have difficulty performing basic work-related activities" because whether Beery is disabled and unable to work is a decision reserved for the Commissioner.

The ALJ found that this RFC would not permit Beery to perform his past relevant work as a rough grinder/painter, forklift operator, and fast food/short-order cook, all of which he performed at the medium to heavy level of exertion. But based on the testimony of a vocational expert, the ALJ found that Beery could perform jobs such as charge-account clerk, surveillance monitor, and bench assembler, and that these jobs existed in significant numbers in the national economy. The ALJ therefore concluded that Beery was not disabled under the Social Security regulations and denied his application. The Appeals Council denied Beery's request for review of the ALJ's decision, making that decision the final decision of the Commissioner. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543–44 (6th Cir. 2004).

Beery filed a timely complaint for judicial review of the ALJ's decision in the district court, raising two assignments of error. First, Beery claimed that the ALJ's finding that his impairments did not meet or equal a listed impairment was not supported by substantial evidence. Second, Beery claimed that the ALJ's decision was not supported by substantial evidence because she failed to properly evaluate Dr. Grodner's disability opinion in deciding not to give it any weight.

A magistrate judge issued a report that concluded that the ALJ's finding that Beery's impairments did not meet or equal a listed impairment was supported by substantial evidence. But the magistrate judge concluded that the ALJ failed to consider the relevant factors in evaluating the weight to be given to the opinion of a medical source. *See* 20 C.F.R. § 404.1527(c). The magistrate judge recommended that the district court vacate the ALJ's decision and remand the case to the ALJ in order to conduct a proper evaluation of Dr. Grodner's opinion. The district

court, however, found that the ALJ's claimed error was harmless because she had incorporated Dr. Grodner's opinions into Beery's RFC. The district court adopted the remainder of the magistrate judge's report, and affirmed the ALJ's decision.

Beery filed a timely notice of appeal. In his principal brief, Beery challenges only the district court's determination that the ALJ committed a harmless error in evaluating Dr. Grodner's opinion.

In Social Security cases, we review the district court's decision de novo. *See Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Our review of an ALJ's decision as to whether the claimant is disabled is "limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence requires "more than a mere scintilla"; substantial evidence is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). However, "[a]n ALJ's failure to follow agency rules and regulations 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (quoting *Blakley*, 581 F.3d at 407).

The Social Security regulations establish a hierarchy for evaluating medical source opinions in which the well-supported opinion of a treating physician is entitled to controlling weight, *see* 20 C.F.R. § 404.1527(c)(2), and the opinion of an examining but nontreating physician is given more weight than the opinion of a nonexamining physician, *see* 20 C.F.R. § 404.1527(c)(1). In evaluating the opinion of an examining but nontreating physician, "the ALJ should consider factors including the length and nature of the treatment relationship, the evidence that the physician offered in support of her opinion, how consistent the opinion is with the record

as a whole, and whether the physician was practicing in her specialty." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010) (citing 20 C.F.R. § 404.1527(d)). A medical source opinion that the claimant is disabled from working is a legal conclusion on an issue that is reserved for the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1); *King v. Heckler*, 742 F.2d 968, 972–73 (6th Cir. 1984). We will treat an ALJ's failure to articulate her reasons for the weight she assigned to a medical source opinion as a harmless error if the ALJ adopted the opinion or made findings consistent with that opinion. *See Wilson*, 378 F.3d at 547. Alternatively, an opinion may be "so patently deficient that the Commissioner could not possibly credit it." *Id.*

Here, Dr. Grodner's opinion that Beery "would have difficulty performing work-related activities" addressed an issue that is reserved for the Commissioner, and therefore it was not entitled to any particular weight. *Cf. Dutkiewicz v. Comm'r of Soc. Sec.*, 663 F. App'x 430, 432 (6th Cir. 2016) (per curiam) (holding that a treating physician's finding that the claimant "is unable to work" was an opinion on an issue reserved for the Commissioner); *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (per curiam) (holding that the opinion of a physician who examined the claimant only once "was entitled to no special degree of deference").

In any event, the RFC that the ALJ adopted for Beery incorporated the functional limitations that Dr. Grodner did identify. Dr. Grodner stated that Beery was unstable and would need an ambulatory aid, and that Berry could not perform prolonged lifting, carrying, pushing, pulling, and walking. The ALJ, in turn, limited Beery to sedentary jobs that he could perform using a cane, that would permit frequent switching between sitting and standing, that required only an occasional amount of climbing ramps and stairs, and that did not involve working around

unprotected heights.[1] Dr. Grodner also stated that although Beery experiences numbness in two fingers of his left hand, his "fine motor skills are intact," which led the ALJ to find that Beery could perform jobs that require frequent fingering and handling. Dr. Grodner finally stated that Beery's use of narcotic pain medication would affect Beery's ability to work, but he did not specify how. But Beery's treating physician, Dr. Voegele, reported that Lyrica, an analgesic, adequately controlled Beery's pain without any significant side effects. The record thus reflects that the ALJ's RFC is consistent with Dr. Grodner's opinion regarding Beery's functional limitations.

Beery argues that this RFC fails to take into account Dr. Grodner's opinion that he needs an ambulatory aid for walking. He also contends that the ALJ failed to explain how he can carry objects while he is using a cane. A vocational expert testified, however, that the jobs that she identified for Beery actually require very little walking. And Dr. Grodner stated only that Beery cannot perform *prolonged* lifting and carrying—there is no indication in Dr. Grodner's report that Beery's need for an ambulatory aid completely precludes his ability to lift and carry as needed to perform sedentary work. We therefore conclude that Beery has not identified a material discrepancy between the RFC and Dr. Grodner's report. *See Wilson*, 378 F.3d at 547.

In summary, we find that the ALJ's failure to explain the weight that she gave to Dr. Grodner's opinion was harmless, and thus that the ALJ's decision was supported by substantial evidence. We **AFFIRM** the district court's judgment.

---

[1] *See* 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.").